[No. 18797-3-II.   Division Two.   June 28, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY K. MYERS, *Appellant*.

*William M. Vesneski* and *Lynch Law Offices*, for appellant (appointed counsel for appeal).

*Bernardean Broadous, Prosecuting Attorney*, and *James C. Powers, Deputy*, for respondent.

BRIDGEWATER, J. — Gary Myers appeals from his conviction of sexual exploitation of a minor, pursuant to RCW 9.68A.040(1)(b), for videotaping his daughter's vaginal area while she was in the bathtub. We hold that portions of a videotape Myers made on the same day, in which he focused upon the vaginal areas of children at a picnic, were admissible to prove Myers's motive in videotaping his daughter; that, concerning the jury's use of the picnic video, there is no error for failure to give a limiting instruction where none was requested; that there is sufficient evidence because he posed his daughter; and that the statute is constitutional. We affirm.

At a family picnic, Myers videotaped the clothed buttocks and genital regions of adults and children. When he returned home from the picnic, he told his daughter to take a bath and, over her request not to, videotaped her in the bathtub. He used the camera's zoom feature to zoom in on her vagina, and held the camera's focus on that part of her body for extended periods of time. When she moved in a way that prevented the camera's view, he would coax her back into a position that exhibited her vagina and would zoom in again. She was seven years old. He edited the tape so that the new version repeated some of the children's genital scenes taken at the picnic, including a young girl in a bathing suit spreading her legs; and he edited out his daughter's protestation. He claimed the tape was not for sexual stimulation but was made to anger his girlfriend.

I

Myers contends that the statute is unconstitutional because it is void for vagueness and overbroad. The relevant portion of the statute states the following:

(1) A person is guilty of sexual exploitation of a minor if the person:

. . . .

(b) Aids, invites, employs, authorizes, or causes a minor to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance[.]

RCW 9.68A.040(1)(b). Under the definitions statute, RCW 9.68A.011(3)(e), "[s]exually explicit conduct" can mean actual or simulated "[e]xhibition of the genitals or unclothed pubic or rectal areas of any minor, . . . for the purpose of sexual stimulation of the viewer." These challenges have been discussed and rejected by our court and by our Supreme Court. *State v. Farmer*, 116 Wn.2d 414, 421, 805 P.2d 200, *modified*, 812 P.2d 858 (1991); *State v. Bohannon*, 62 Wn. App. 462, 469, 814 P.2d 694 (1991).

## II

Myers argues that the trial court abused its discretion when it allowed the jury to view and hear testimony about videotaped scenes other than the ones of his daughter because that evidence was inflammatory, irrelevant, and prejudicial, amounting to inadmissible character evidence in violation of ER 404(b). He also contends that even if the matter was admissible, the court erred in failing to give a limiting instruction.

■■ At oral argument, Myers conceded that the videotape had a use other than to show he had a certain propensity. Even without this concession, we hold that the videotaped picnic scenes related to Myers's motivation. They were part of the same tape, taken on the same day, and they all related to his defense — i.e., that the videotape was made to anger his girlfriend. In some cases, including this one, we are able to review issues of admissibility "without the aid of an articulated balancing process on the record." *State v. Gogolin*, 45 Wn. App. 640, 645, 727 P.2d 683 (1986). Here, the trial court did not abuse its

discretion by holding the picnic scenes to be more probative than prejudicial because they show that Myers's intent was to alter his daughter's behavior so that she would exhibit herself for his sexual stimulation, and that the scenes of her vaginal area were a continuation of that prurient purpose.

■ A limiting instruction should be given when such evidence is admitted. *State v. Saltarelli*, 98 Wn.2d 358, 362, 655 P.2d 697 (1982). However, if the complaining party fails to request such an instruction, there is no error. *State v. Hess*, 86 Wn.2d 51, 52, 541 P.2d 1222 (1975). Here, there was no request and, thus, no error.

### III

Myers argues that there was insufficient evidence to support the jury's verdict that he derived sexual stimulation from the videotaping of his daughter because sexual stimulation cannot be inferred from the facts. We disagree. A reasonable juror could conclude that Myers's purpose in making and editing the videotape, and for zooming in on his daughter's vagina for long periods of time, was for his own sexual stimulation rather than to offend another person.

■■ By claiming insufficiency, Myers admits the truth of the State's evidence and *all inferences* that reasonably can be drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). The appellate court reviews a claim of insufficiency by examining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *City of Tacoma v. Luvene*, 118 Wn.2d 826, 849, 827 P.2d 1374 (1992) (citing *State v. Little*, 116 Wn.2d 488, 491, 806 P.2d 749 (1991)). Here there was evidence that he posed his daughter, and facts contradicting his alleged motivation to offend his girlfriend; he never expressed

anger to her and did not show the videotape to her, but added the tape to his collection of videotapes. In *Bohannon*, 62 Wn. App. 462, we held that posing was sufficient; in the instant case there is even more, including posing and focusing; and the picnic videos reveal motive. There was sufficient evidence to convict Myers under this statute.

MORGAN, J., concurs.

TURNER, J. (concurring) — I concur in the result. To the extent that the majority requires that a defendant pose the victim or intend to alter her behavior in order to support a conviction under RCW 9.68A.040(1)(b), I disagree. A minor can be invited or caused to engage in an exhibition of genitals for the purpose of a viewer's sexual stimulation without any posing of the child or altering of her behavior on the part of a defendant.

Exhibition means "an act or instance of showing." WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY 796 (1968). The definition of "invite" includes "to provide opportunity or occasion for: increase the likelihood of: open the way to." *Id.* at 1190. By filming his daughter's genitals for his later viewing and sexual stimulation, Myers caused, or at least invited, his daughter's "exhibition." This court said in *State v. Bohannon*, 62 Wn. App. 462, 472, 814 P.2d 694 (1991) that "an individual could take sexually explicit photographs of a child at a time when the child was unaware that the pictures were being taken. Under those circumstances, the photographer could still be found guilty of sexual exploitation of a minor . . . if he were to use . . . the photographs 'for the purpose of sexual stimulation of the viewer.' "

Review granted at 130 Wn.2d 1016 (1996).