[No. 19248-9-II.    Division Two.    January 10, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. ROY A. GRANNIS, *Appellant*.

*John L. Farra,* for appellant (appointed counsel for appeal).

*H. Steward Menefee, Prosecuting Attorney,* and *Joseph F. Wheeler, Deputy,* for respondent.

MORGAN, J. — In 1994, Roy A. Grannis was living at his mother's house. In June, his sister, Toni Cobain, borrowed a videotape from his bedroom. When Cobain viewed the tape, she discovered it contained two scenes relevant here, each apparently filmed with a home video camera.

The first scene involves minor girls playing in a park. The camera focuses on their clothed genitalia and buttocks, and on one girl's breast area as she bends over. As far as the record shows, no adult initiated, contributed to, or otherwise influenced the girls' conduct.

The second scene shows a minor girl taking a bath. It is taken from a vantage point located outside the bathroom, through "what appears to be a crack in the wall."[1] At one point, the girl looks around and the camera moves away. The camera then returns to focus on the girl, showing her unclothed breasts and pubic area. As far as the record shows, no adult initiated, contributed to, or otherwise influenced the girl's conduct while bathing.

Several months after borrowing the tape, Cobain turned it over to the Aberdeen Police Department. The next day,

---

[1] Aff. at 3.

officers of that department presented the tape and an accompanying affidavit to a magistrate. The affidavit incorporated the tape and stated that Grannis' mother owned a home video camera that Grannis knew how to operate. The magistrate issued a search warrant for Grannis' mother's house, and officers executing the warrant found two more videotapes that have relevance here.

The State charged Grannis with two counts (Counts I and III) of possessing visual or printed matter depicting a minor engaged in sexually explicit conduct in violation of RCW 9.68A.070. In addition, it charged Grannis with one count (Count II) of sexual exploitation of a minor in violation of RCW 9.68A.040. Count I was based on the videotape that Cobain had borrowed and then taken to the police. Counts II and III were each based on one of the two videotapes found during the search of the house. The case went to trial, and the jury convicted on all three counts.

Two issues are dispositive on appeal. They are (1) whether the tape borrowed by Cobain constitutes sufficient evidence to support the conviction on Count I, and (2) whether the tape borrowed by Cobain gave the magistrate probable cause to believe that evidence of a crime would be found in Grannis' mother's house.

I

RCW 9.68A.070 provides the basis for Count I. It states:

A person who knowingly possesses visual or printed matter depicting a minor engaged in sexually explicit conduct is guilty of a class C felony.

As can be seen, RCW 9.68A.070 provides that one of the dividing lines between a picture that is criminal to possess, and a picture that is not criminal to possess, is whether the picture "depict[s] a minor engaged in sexu-

ally explicit conduct." Unless a picture depicts such conduct, it is not criminal to possess.[2]

The Legislature has defined "sexually explicit conduct" as actual or simulated:

> (a) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex or between humans and animals;
>
> (b) Penetration of the vagina or rectum by any object;
>
> (c) Masturbation;
>
> (d) Sadomasochistic abuse for the purpose of sexual stimulation of the viewer;
>
> (e) Exhibition of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer;
>
> (f) Defecation or urination for the purpose of sexual stimulation of the viewer; and
>
> (g) Touching of a person's clothed or unclothed genitals, pubic area, buttocks, or breast area for the purpose of sexual stimulation of the viewer.[3]

Only paragraph (e) might apply here. For present purposes, then, the meaning of "sexually explicit conduct" turns on what constitutes an "[e]xhibition of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer."

By itself, an exhibition is inanimate and without any purpose of its own.[4] Necessarily, then, its purpose is the purpose of the person or persons who initiate, contrib-

---

[2]We think it apparent that it is not usually a crime to possess pictures of a child playing on a playground, or of a child taking a bath. If it were, most parents and grandparents would be subject to jail.

[3]RCW 9.68A.011(3).

[4]*State v. Chester*, 82 Wn. App. 422, 431, 918 P.2d 514 (1996) (Morgan, J., concurring), *review granted,* 130 Wn.2d 1016 (1996).

ute to, or otherwise influence its occurrence.[5] The initiator or contributor need not be the accused[6] or the minor whose conduct is at issue.[7] Whoever the initiator or contributor is, however, his or her purpose must be to sexually stimulate a viewer.[8] If his or her purpose is different, the conduct will not be sexually explicit by virtue of RCW 9.68A.011(3)(e).

We applied these principles in *State v. Chester*[9] *and State v. Myers*.[10] In *Chester*, the defendant surreptitiously photographed a minor female's nude body as she exited the shower and dressed herself. She did not know she was being filmed, and he did not influence, alter or affect her conduct in any way. The State charged him with sexually exploiting a minor in violation of RCW 9.68A.040. That statute, like RCW 9.68A.070, requires proof that a minor engaged in sexually explicit conduct.[11] The jury convicted, and the defendant appealed on grounds the evidence was

---

[5]*Chester*, 82 Wn. App. at 431 (Morgan, J., concurring).

[6]*Chester*, 82 Wn. App. at 428 (Bridgewater, J.), 432 (Morgan, J., concurring). Judge Bridgewater said that "there must be evidence that someone other than the minor induced the minor's behavior." Judge Morgan said that the initiator of an exhibition "can be the defendant, a third person, or even the minor."

[7]*Chester*, 82 Wn. App. at 428 (Bridgewater, J.), 432 (Morgan, J., concurring), 434 (Turner, J., dissenting). Judge Bridgewater said that "there must be evidence that someone other than the minor induced the minor's behavior." Judge Morgan said that the initiator of an exhibition "can be the defendant, a third person, or even the minor." Judge Turner said that "sexual purpose on the part of the victim is not required."

[8]RCW 9.68A.011(3)(e); *Chester*, 82 Wn. App. at 432 (Morgan, J., concurring).

[9]82 Wn. App. at 422.

[10]82 Wn. App. 435, 918 P.2d 183 (1996), *review granted*, 130 Wn. 2d 1016 (1996).

[11]RCW 9.68A.040 states in pertinent part:

"(1) A person is guilty of sexual exploitation of a minor if the person:

"(a) Compels a minor by threat or force to engage in sexually explicit conduct . . .;

"(b) Aids, invites, employs, authorizes, or causes a minor to engage in sexually explicit conduct . . .; or

"(c) Being a parent . . . of a minor, permits the minor to engage in sexually explicit conduct . . . ."

insufficient to support the conviction. Although Judge Bridgewater and Judge Morgan reasoned somewhat differently, and Judge Turner dissented, an essential conclusion was that a minor does not "engage in sexually explicit conduct" merely by exiting a shower and getting dressed. Thus, the conviction was not supported by sufficient evidence.

In *Myers*, the defendant told a minor female to take a bath. As she did so, he coaxed her into positions from which he could view and photograph her genitals. As in *Chester*, the State charged him with sexually exploiting a minor in violation of RCW 9.68A.040, which requires proof that a minor engaged in sexually explicit conduct. The jury convicted, and the defendant appealed. At least in part, we held that the minor had engaged in an "[e]xhibition of the genitals . . . for the purpose of sexual stimulation of the viewer," because the defendant had initiated or contributed to the exhibition of her genitals with the purpose of sexually stimulating a viewer (i.e., himself). Thus, the minor had engaged in "sexually explicit conduct," and we affirmed the conviction.

■ Here, Count I is based on photographs showing the conduct of minor girls on a playground, and the conduct of one minor girl taking a bath. It is obvious and undisputed that none of the girls had a purpose of sexually stimulating a viewer, and there is no evidence that Grannis initiated, contributed to, or in any way influenced the girls' conduct. Thus, the evidence does not show an exhibition of the genitals or breasts for the purpose of sexually stimulating a viewer, or that the girls engaged in "sexually explicit conduct" within the meaning of RCW 9.68A.011(3). As in *Chester*, where an essential conclusion was that a minor does not "engage in sexually explicit conduct" merely by exiting a shower and starting to get dressed, we hold here that a minor does not "engage in sexually explicit conduct" merely by playing on a playground, or merely by taking a bath.

Nothing said herein means that the Legislature could

or could not criminalize conduct of the sort at issue in this case. We hold only that it did not do so when, in 1988 and 1989, it enacted and amended RCW 9.68A.070 and RCW 9.68A.011(3)(e). Those statutes require proof that a minor engaged in sexually explicit conduct, and that requirement is not satisfied by evidence showing only that a minor played on a playground or took a bath. The evidence is insufficient to support the conviction on Count I.

## II

We turn next to whether the affidavit submitted to the magistrate showed probable cause to search Grannis' mother's house. An affidavit demonstrates probable cause to search when it contains facts from which an ordinarily prudent person would conclude that a crime has occurred, and that evidence of the crime will be found at the place to be searched.[12] The crimes relevant here are sexual exploitation of a minor in violation of RCW 9.68A.040(b) (Count II), and possession of material depicting a minor engaged in sexually explicit conduct in violation of RCW 9.68A.070 (Counts I and III). Both require evidence that a minor engaged in "[s]exually explicit conduct," which for present purposes means an "[e]xhibition of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer."[13] For the reasons discussed in Section I of this opinion, the videotape borrowed by Cobain did not depict such conduct. Thus, the affidavit did not show probable cause, and the trial court erred by denying the motion to suppress.

The convictions are reversed.

HOUGHTON, C.J., concurs.

TURNER, J. Pro Tem. (dissenting) — A child need not be an

---

[12]*State v. O'Neil*, 74 Wn. App. 820, 824, 879 P.2d 950 (1994), *review denied*, 125 Wn.2d 1016 (1995); *State v. Stone*, 56 Wn. App. 153, 158, 782 P.2d 1093 (1989), *review denied*, 114 Wn.2d 1013 (1990).

[13]RCW 9.68A.011(3)(e).

exhibitionist or be posed to be a victim of sexual exploitation under RCW 9.68A.040 and .070. Covert filming of an innocent child's genitalia may constitute an exhibition. *See State v. Chester*, 82 Wn. App. 422, 433, 918 P.2d 514 (1996) (Turner, J. dissenting). And if its purpose is sexual stimulation of a viewer, then it is punishable under these statutes. Here, the jury could infer sexual purpose from the covert camera operation and its focus on the girls' genitalia, buttocks, and breasts.

Review denied at 133 Wn.2d 1018 (1997).