[No. 29350-1-II.  Division Two.  December 23, 2003.]

THE STATE OF WASHINGTON, *on the relation of Evergreen Freedom Foundation, Appellant*, v. NATIONAL EDUCATION ASSOCIATION, *Respondent*.

*Steven T. O'Ban* and *Chad Allred* (of *Ellis, Li & McKinstry, P.L.L.C.*), for appellant.

*Harriet K. Strasberg* (*Richard B. Wilkof, Robert H. Chanin,* and *John M. West,* of counsel), for respondent.

HOUGHTON, J. — The Evergreen Freedom Foundation (EFF) appeals the dismissal of its citizen's action lawsuit against the National Education Association (the NEA). Because the trial court relied on our improvident wording in *State ex rel. Evergreen Freedom Foundation v. Washington Education Ass'n,*[1] which we now clarify, we reverse and remand for further proceedings.

## FACTS

The public disclosure act (Act), chapter 42.17 RCW, seeks to ensure that, subject to some regulations and exceptions, political campaign and lobbying contributions are fully disclosed to the public and that such funding sources are not concealed. Under the Act, the Public Disclosure Commission (PDC), the attorney general (AG), a county pros-

---

[1] 111 Wn. App. 586, 49 P.3d 894 (2002), *review denied,* 148 Wn.2d 1020 (2003).

ecutor or, in some circumstances, a citizen,[2] may seek Act enforcement.

On January 31, 2002, proceeding under the Act, EFF sent a "45-day notice" to the Washington State AG and county prosecutors, alleging that the NEA had violated the Act. In its 45-day notice, EFF alleged that the NEA failed to comply with the Act, specifically, RCW 42.17.040, by failing to register and report its Ballot Measure/Legislative Crisis and Media Campaign fund as a political committee; RCW 42.17.680, by diverting a portion of employees' wages or salaries for contributions to political communities or for use as political contributions without the written authorization of the employees; and RCW 42.17.760, by using agency shop fees to make contributions to influence an election or to operate a political committee without authorization from the employees. On February 6, the AG referred the notice to the PDC to review and investigate.[3]

On March 22, EFF sent a "10-day notice" to the AG and county prosecutors, stating that it intended to commence a citizen's action if the AG or a county prosecutor did not initiate an action against the NEA. On March 27, PDC staff

---

[2] A citizen must follow certain procedures in bringing an action under the Act. The procedures pertinent here require that:

Any person who has notified the attorney general and the prosecuting attorney in the county in which the violation occurred in writing that there is reason to believe that some provision of this chapter is being or has been violated may himself bring in the name of the state any of the actions (hereinafter referred to as a citizen's action) authorized under this chapter. This citizen['s] action may be brought only if the attorney general and the prosecuting attorney have failed to commence an action hereunder within forty-five days after such notice and such person has thereafter further notified the attorney general and prosecuting attorney that said person will commence a citizen's action within ten days upon their failure so to do, and the attorney general and the prosecuting attorney have in fact failed to bring such action within ten days of receipt of said second notice.

RCW 42.17.400(4).

[3] The AG customarily refers complaints alleging Act violations to the PDC for initial review and investigation. Clerk's Papers at 117 (AG letter to PDC Director). The PDC may determine whether an actual violation has occurred and issue and enforce an appropriate order following such a determination. RCW 42.17.395(1). Or "[i]n lieu of holding a hearing or issuing an order under this section, the commission may refer the matter to the attorney general or other enforcement agency." RCW 42.17.395(3).

drafted a Preliminary Report of Investigation (the report). PDC staff submitted the report to PDC members on April 3.

In the report, PDC staff recommended that the PDC ask the AG to pursue a stipulated claims settlement. The report also stated:

Staff believes that a resolution should include an acknowledgement of violation, a substantial penalty, an agreement to refund agency fee payer money for FY [(fiscal year)] 01-02 and 02-03 (which has occurred for FY 01-02 per the WEA [Washington Education Association]), and a reduction to agency fee payers in the future years (based on the WEA Order). Staff also believes that it is appropriate to stay any final imposition of a settlement (penalty payment) until a final resolution in the WEA appeal.

If a settlement cannot be reached on the grounds stated above, staff do not recommend that the Attorney General proceed with litigation based on the current budget cutbacks and the cost of such litigation.

Clerk's Papers (CP) at 47. The PDC scheduled a special meeting of its members on April 9 to discuss the report and the "staff recommendations concerning" the NEA's alleged violations. CP at 52.

On April 8, after neither the AG nor any county prosecutor had commenced an action, EFF filed a citizen's action against the NEA, alleging Act violations. On April 9, the PDC met to discuss the report, but according to Executive Director Vicki Rippie, "the [PDC] took no action and made no recommendations concerning [the 45-day letter]" because EFF had filed its citizen's action. CP at 58.

On April 19, we filed our opinion in *State ex rel. Evergreen Freedom Foundation v. Washington Education Ass'n* (*WEA*), 111 Wn. App. 586, 49 P.3d 894 (2002), *review denied*, 148 Wn.2d 1020 (2003). Our *WEA* decision later formed the basis for the trial court's dismissal of EFF's citizen's action at issue here.

In *WEA*, we interpreted and applied RCW 42.17.400(4), its citizen's action provision.[4] 111 Wn. App. at 605-06. In *WEA*, EFF followed RCW 42.17.400(4) and brought a citizen's action based on allegations against WEA and the NEA. Then, on learning of other possible violations, EFF sent 45-day and 10-day notice letters. *WEA*, 111 Wn. App. at 604. Before the 10-day period elapsed, the AG forwarded EFF's allegations to the PDC for initial review and investigation. In order to seek enforcement based on its newly discovered allegations, EFF moved to amend its citizen's action complaint to add new violations.

Citing the priority of action doctrine,[5] the trial court denied EFF's motion to amend. In our *WEA* discussion of the procedural history leading to the trial court's denial of EFF's motion to amend, we stated:

> Here, before the 10-day period had passed after EFF's second letter to the AG, the AG forwarded the allegations to the PDC for investigation. This was appropriate action for the AG to take and it tolls the 10-day deadline. Further, the AG deferred to the charges that the PDC filed as appropriate under RCW 42.17.400(1) and RCW 42.17.395. Because the AG acted before the end of the 10-day period, EFF could not bring a citizen's

---

[4] The issues in *WEA* revolved around statewide education-based initiatives, notably that

[t]he [WEA] conducted a campaign opposing two statewide initiatives in the 1996 general election. The initiatives did not pass. The [EFF] filed a lawsuit against WEA, alleging that WEA was a political committee and, therefore, it did not make the appropriate financial disclosures regarding its opposition to the initiatives.

111 Wn. App. at 592.

In *WEA*, EFF appealed the trial court ruling, arguing that

(1) WEA was a political committee; (2) EFF was entitled to a jury trial; (3) EFF was entitled to amend its complaint to include additional allegations; and (4) the trial court erred in awarding attorney fees to one defendant. WEA cross-appeal[ed], arguing, inter alia, that the statutory definition of "political committee" [was] unconstitutional and the trial court erred in not awarding it attorney fees.

111 Wn. App. at 593.

Although EFF and WEA raised various assignments of error, we used the language at issue here only in our analysis about amending the complaint.

[5] "Under the priority of action doctrine, the forum that first gains jurisdiction over a matter retains exclusive authority over it." *WEA*, 111 Wn. App. at 606.

lawsuit under RCW 42.17.400(4) and the trial court properly denied EFF's motion to amend its pleadings.

111 Wn. App. at 606.

On July 1, in the instant case, the NEA moved to dismiss EFF's lawsuit against it. The NEA argued that our above-referenced language in *WEA* required the trial court to dismiss EFF's current claims because the court lacked jurisdiction to hear the matter.

In granting the NEA's motion to dismiss, the trial court questioned our language in *WEA* recited above and observed:

> In this case we have a matter referred by the Attorney General's office to the Public Disclosure Commission for investigation. And at the end of the ten-day period no further action had been taken, either by the Attorney General's office or the Public Disclosure Commission, no action had been initiated in front of the PDC, and no action had been in [sic] initiated in court.
>
> So by general reading of the statute it would seem that this citizen action was appropriate. And I agree with the plaintiffs that I think the PDC and the AG thought the citizen action was probably appropriate.
>
> But after April 8th, when the citizen action was initiated, this Court of Appeals decision [*WEA*] came down. And its language specifically says that, "The referral from the Attorney General's office to the Public Disclosure Commission for investigation tolls the ten-day deadline."
>
> It wasn't necessary for the Court of Appeals to make that finding for the outcome in the *WEA* case. I am searching for how they have arrived at that conclusion. But I believe, as a superior court in division two, that I must follow their ruling and I believe that was part of their ruling.
>
> And accordingly, I believe that means the citizen action must be determined to be premature in this case, because the Court of Appeals has determined that the simple referral by the Attorney General's office to the Public Disclosure Commission for investigation has tolled the ten-day deadline and it has not extinguished the right of the citizen action, but has simply extended the time for its filing.

So that would seem to me to mean that this case must be dismissed.

CP at 270-72.

On October 2, the PDC referred the matter to the AG for "further action."[6] On October 3, the AG filed a superior court lawsuit against the NEA for violating RCW 42-.17.760.[7]

EFF appeals the trial court's dismissal of its claim.

## ANALYSIS

EFF contends that our "tolling" language in *WEA* must be inadvertent as it was unnecessary to our holding that the trial court properly denied EFF's motion to amend its complaint. Appellant's Br. at 9. EFF asserts that our holding did not require us to address the tolling period as "[n]either the parties nor the trial court ever asserted that the 10-day period (or the 45-day period) had been tolled." Appellant's Br. at 9. Therefore, EFF asserts, our "tolling" language is dictum. Appellant's Br. at 14-16.

■ If our tolling language from *WEA* is a holding, we must accord it precedential weight. But if it is dictum and unnecessary surplusage, we may clarify any ambiguity it creates. *CLEAN v. City of Spokane*, 133 Wn.2d 455, 486, 947 P.2d 1169 (1997), *cert. denied*, 525 U.S. 812 (1998).

---

[6] By unanimous vote, the PDC dismissed EFF's allegations that the NEA violated RCW 42.17.040 and .680. Also, by unanimous vote, the PDC found multiple apparent NEA RCW 42.17.760 violations when it used agency shop fees to make contributions or expenditures to influence an election or to operate a political committee without employee authorization. The PDC found that its insufficient penalty authority required a referral to the AG to pursue "appropriate action pursuant to RCW 42.17.360 and .395 and WAC 390-37-100." CP at 293. We note that RCW 42.17.395(4) limits individual PDC penalties to $1,000 and multiple violations to a $2,500 aggregate. In contrast, the AG, a county prosecutor, or a citizen may recover investigation and trial costs, as well as attorney fees. The court may treble the judgment as punitive damages for intentional violations. RCW 42.17.400(5).

[7] RCW 42.17.760 provides: "A labor organization may not use agency shop fees paid by an individual who is not a member of the organization to make contributions or expenditures to influence an election or to operate a political committee, unless affirmatively authorized by the individual."

██ We agree with EFF that whether the 10-day or 45-day period had been tolled was not before us in *WEA* and that our recitation about it was not necessary to our holding. Thus, because the language had no bearing on *WEA*'s outcome, it is dictum. *In re Marriage of Rideout*, 150 Wn.2d 337, 354, 77 P.3d 1174 (2003) (where language has no bearing on the decision, that language is dictum). Our use of the "tolling" language and imprecise explanation of the procedural history in *WEA* created an ambiguity that we must clarify. *CLEAN*, 133 Wn.2d at 486 (courts may clarify dictum-created ambiguities).[8]

██ In *WEA*, we used the word "tolls" in an inartful attempt to explain actions and effects below. In doing so, we injected a word that has a specific legal meaning and consequence. And in doing so, we misled the trial court here. Thus, because the following language was not germane to or necessary for our analysis and holding in *WEA*, we explain and otherwise disavow it.[9]

> Here, before the 10-day period had passed after EFF's second letter to the AG, the AG forwarded the allegations to the PDC for investigation. This was appropriate action for the AG to take and it *tolls* the 10-day deadline. Further, the AG deferred to the charges that the PDC filed as appropriate under RCW 42.17.400(1) and RCW 42.17.395. Because the AG acted before the end of the 10-day period, EFF could not bring a citizen's lawsuit under RCW 42.17.400(4) and the trial court properly denied EFF's motion to amend its pleadings.

111 Wn. App. at 606 (emphasis added).

RCW 42.17.400(4) provides that the "citizen['s] action may be brought only if the attorney general and the prosecuting attorney have failed to commence an action"

---

[8] Courts often clarify ambiguities created by dicta. *See, e.g., CLEAN*, 133 Wn.2d at 486; *State v. Wilson*, 96 Wn. App. 382, 393, 980 P.2d 244 (1999), *review denied*, 139 Wn.2d 1018 (2000); *State v. Chester*, 82 Wn. App. 422, 429-30, 918 P.2d 514 (1996), *aff'd*, 133 Wn.2d 15, 940 P.2d 1374 (1997).

[9] The NEA responds that the doctrine of stare decisis applies here and EFF has not met its burden to justify a departure from that doctrine. The NEA correctly sets forth the doctrine of stare decisis, but we do not agree that it applies here because the language was dictum.

and requires either that the AG or prosecutor initiate an action to enforce the Act or that a citizen's action may be brought, provided that other statutory requirements are met.

In *WEA*, we intended to simply restate the statute's clear intent, that the AG or county prosecutor's "commencement of an action" within the prescribed time period precludes a citizen's action (indeed, such commencement obviates the need for a citizen's action). We did not intend to imply that the AG's customary referral to the PDC for initial review and investigation precludes a citizen's action.

We reverse the trial court's order dismissing EFF's action based on lack of jurisdiction[10] and remand.[11]

HUNT, C.J., and QUINN-BRINTNALL, J., concur.

---

[10] We need not address EFF's other arguments about our *WEA* tolling language analysis.

[11] The PDC eventually acted on EFF's allegations and referred the matter to the AG and the AG later filed a lawsuit against the NEA. We question, but do not decide, whether that action rendered EFF's citizen's action moot.