[Nos. 22405-8-III; 22406-6-III.   Division Three.   September 13, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. AARON THOMAS GRIFFITH, *Appellant*.

*Donald G. Miller*, for appellant.

*Steven M. Clem, Prosecuting Attorney*, and *Eric C. Biggar, Deputy*, for respondent.

¶1 KURTZ, J. — Aaron Griffith was convicted of possessing child pornography and dealing in child pornography. Claiming the court erred by denying his motion to suppress the search warrant and allowing the State to amend the information after both sides had rested, he appeals. We affirm the court's order denying suppression of the warrant but reverse the late amendment of the information.

¶2 Aaron Griffith hosted a party on the night of April 27, 2001. C.R. attended the party with J.T. Hewitt. C.R. was 16 years old at the time.

¶3 C.R. drank several beers at the party. She offered to pose for Mr. Griffith so he could use his new digital camera. She then started to take off her clothes and posed for what some described as seductive pictures. Several people were present at this time. After taking the pictures, Mr. Griffith showed them to others using the viewing window on his camera as well as his computer.

¶4 Thereafter, C.R. went to sleep and woke everyone up when she started to scream. Another male party guest was on top of her and she was not dressed from the waist down. She later reported this incident to the police as an attempted rape.

¶5 During the attempted rape investigation, the man C.R. accused told the police about the pictures Mr. Griffith

had taken. C.R. confirmed that pictures were taken of her in the nude and some were put on a computer.

¶6 The police then filed an affidavit for a search warrant for Mr. Griffith's residence. The affidavit indicated that the affiant had interviewed numerous individuals and reviewed police reports. The affiant stated that Mr. Griffith hosted a birthday party at which beer was served. C.R., a minor, was a guest at the party. C.R. was the alleged victim of a rape and, during the investigation of that rape, the police learned Mr. Griffith had taken nude photos of C.R. The pictures were a birthday present to Mr. Griffith.

¶7 Based upon the affidavit, a judge issued a search warrant. The warrant indicated there was probable cause to believe evidence of possession of child pornography and possession of pictures of a child engaged in sexually explicit conduct was likely to be found at Mr. Griffith's residence. The warrant permitted the seizure of many items, including computers, all cameras, videotapes, unprocessed film, and storage media.

¶8 The police executed the warrant on May 30, 2001, and seized, among other things, numerous computer disks, hard drives, and two cameras. On the hard drives, the police found several pornographic images, some of which appeared to be minors. They also found evidence of a web site where these images were available for download.

¶9 On September 21, 2001, the State charged Mr. Griffith with possession of child pornography. On January 9, 2002, the State amended the information to add one count of sexual exploitation of a minor. On February 21, the State filed a second information charging Mr. Griffith with dealing in child pornography pursuant to RCW 9.68A.050(1). The court granted the State's motion to consolidate the two cases.

¶10 On January 13, 2003, Mr. Griffith filed a motion to suppress evidence seized during the execution of the search warrant. He argued the affidavit supporting the warrant did not state a crime, the information contained in the

affidavit was stale, the affidavit did not show an adequate nexus between the alleged offense and the place to be searched, and the affidavit was not supported by probable cause. The court denied the motion.

■ ¶11 Mr. Griffith claims the court erred by denying his motion to suppress on the basis that the search warrant was improperly issued. When reviewing a denial of a CrR 3.6 motion to suppress, we review whether substantial evidence supports the challenged findings of fact and, if so, whether the findings support the conclusions of law. *State v. Mendez,* 137 Wn.2d 208, 214, 970 P.2d 722 (1999).

■ ¶12 Mr. Griffith does not assign error to any of the court's CrR 3.6 findings of fact; rather, he first claims the warrant was invalid because it was not supported by probable cause. In determining the validity of a search warrant, the court considers whether the affidavit, on its face, established probable cause. *State v. Perez,* 92 Wn. App. 1, 4, 963 P.2d 881 (1998). An affidavit is sufficient to support probable cause if it contains information from which an ordinarily prudent person would conclude a crime has been committed and evidence of a crime can be found at the place to be searched. *Id.* The standard of probable cause is governed by the probability, rather than a prima facie showing, of criminal activity. *In re Pers. Restraint of Yim,* 139 Wn.2d 581, 594-95, 989 P.2d 512 (1999) (quoting *State v. Seagull,* 95 Wn.2d 898, 907, 632 P.2d 44 (1981)). The determination of probable cause is given great deference. *Id.* (quoting *State v. Cole,* 128 Wn.2d 262, 286, 906 P.2d 925 (1995)). Affidavits are to be read as a whole, in a commonsense, nontechnical manner, with doubts resolved in favor of the warrant. *State v. Casto,* 39 Wn. App. 229, 232, 692 P.2d 890 (1984). The determination of probable cause is reviewed for an abuse of discretion. *State v. Estorga,* 60 Wn. App. 298, 303, 803 P.2d 813 (1991).

¶13 Mr. Griffith contends the warrant was invalid because the affidavit did not indicate "sexually explicit" photographs of a minor would be found and, consequently, the affidavit did not suggest any criminal activity was occur-

ring. The affidavit for the warrant indicates that C.R., a minor, posed naked for Mr. Griffith. It states he took pictures and then hooked the camera up to his computer.

¶14 We affirm the court's order denying the motion to suppress because the affidavit contains sufficient facts to allege Mr. Griffith committed a crime. Not all possession of nude pictures of minors is illegal. *See State v. Grannis*, 84 Wn. App. 546, 548-49, 930 P.2d 327 (1997); *State v. Huckins*, 66 Wn. App. 213, 219, 836 P.2d 230 (1992). But a nude picture of a minor is illegal if it depicts the minor engaged in sexually explicit conduct. *Grannis*, 84 Wn. App. at 548-49. If a minor is unclothed and the picture is for the sexual stimulation of the viewer, then it meets the definition of sexually explicit conduct. *Id.* at 549 (quoting RCW 9.68A.011(3)(e)). The purpose for which the picture of a nude minor is taken determines whether probable cause may be found. *Id.* at 550. C.R. said the pictures were taken as a birthday present for Mr. Griffith. The affidavit also noted that others were helping her pose for the pictures. Given our deferential standard of review, the affidavit contains facts sufficient to suggest a crime was committed. The warrant was thus supported by probable cause.

¶15 Mr. Griffith next claims the warrant was invalid because it was not sufficiently particular. Search warrants must particularly describe the place to be searched and the items to be seized. *State v. Perrone*, 119 Wn.2d 538, 545, 834 P.2d 611 (1992) (quoting U.S. CONST. amend. IV). A description is sufficient if it is as specific as the situation and the circumstances permit. *Id.* at 547. When a search warrant authorizes the search of material protected by the First Amendment, the degree of particularity is greater than in those situations where the First Amendment is not implicated. *Id.*

¶16 The items sought by the warrant here concerned child pornography. Even though child pornography is not protected by the First Amendment, a heightened degree of particularity is still required. *Id.* at 550. The warrant lists several items to be searched for and seized, including all

cameras—digital, 35 millimeter, and Polaroid—unprocessed film, all computer processing units and all electronic storage media, documents pertaining to internet accounts, all material depicting a minor engaged in sexually explicit conduct, printed material showing the exposed genitals or rectal area of a minor, videotapes, digital images, and any documents relating to the distribution or receipt of child pornography.

¶17 The affidavit stated that Mr. Griffith used a digital camera to take pictures of C.R., who was unclothed in the pictures. The affidavit also indicated he put the pictures on a computer. However, the warrant permits the seizure of a large array of items; most are not supported by probable cause. For example, there was no evidence in the affidavit suggesting that Mr. Griffith put these pictures on the internet, or that he used film, or videotapes. These items are not obviously related to the crime.

¶18 A warrant is overbroad when it describes many items but fails to link some of them to the offense. *Perrone*, 119 Wn.2d at 555-56. The warrant here suffers from overbreadth. Under the severability doctrine, only the invalid portions of the warrant must be suppressed. *Id.* at 556 (quoting *United States v. Fitzgerald*, 724 F.2d 633, 637 (8th Cir. 1983)). The computer and storage media were specifically named in the warrant and, arguably, are connected to the crime because Mr. Griffith was seen placing the pictures on the computer. This was the only evidence seized used to convict Mr. Griffith. Thus, even though the remainder of the warrant should be suppressed, the evidence that supports his conviction was validly seized. This is not a basis to reverse the convictions.

¶19 Mr. Griffith further contends the court erred in denying his motion to dismiss the charge of dealing in child pornography at the close of the State's case. However, after his motion was denied, Mr. Griffith presented a defense. When a defendant presents a defense case in chief, he waives his right to appeal the denial of his motion to dismiss made at the end of the State's case in chief. *State v.*

*Johnston*, 100 Wn. App. 126, 132, 996 P.2d 629 (2000) (quoting *State v. Jackson*, 82 Wn. App. 594, 608, 918 P.2d 945 (1996)). Thus, we will not review this issue.

¶20 After the defense rested, the State informed the court that the information charging Mr. Griffith with dealing in child pornography did not include the possesses with intent means of committing the offense. The State then moved to amend the information to include this alternative means of committing the offense. Mr. Griffith objected, claiming this was not a lesser-included offense and thus amending the information at this late date was highly prejudicial to his case. The court allowed the amendment finding the alternative means was a lesser-included offense. Mr. Griffith claims this was error.

¶21 CrR 2.1(d) allows a court to amend an information "at any time before verdict or finding if substantial rights of the defendant are not prejudiced." "A criminal charge may not be amended after the State has rested its case in chief unless the amendment is to a lesser degree of the same charge or a lesser included offense." *State v. Pelkey,* 109 Wn.2d 484, 491, 745 P.2d 854 (1987). Any greater amendment prejudices the defendant's constitutional right to be informed of the charges against him. *Id.*

¶22 At issue is whether RCW 9.68A.050(2) is a lesser-included offense of RCW 9.68A.050(1). An offense qualifies as a lesser-included offense if each of the elements of the lesser offense are a necessary element of the offense charged. *State v. Herrera*, 95 Wn. App. 328, 332, 977 P.2d 12 (1999); *see also* RCW 10.61.006. RCW 9.68A.050 provides:

> A person who:
>
> (1) Knowingly develops, duplicates, publishes, prints, disseminates, exchanges, finances, attempts to finance, or sells any visual or printed matter that depicts a minor engaged in an act of sexually explicit conduct; or
>
> (2) Possesses with intent to develop, duplicate, publish, print, disseminate, exchange, or sell any visual or printed matter that depicts a minor engaged in an act of sexually

explicit conduct is guilty of a class C felony punishable under chapter 9A.20 RCW.

¶23 The State claimed that subsection (2) was a lesser-included offense of subsection (1). We disagree. The "possesses with intent" means of committing dealing in child pornography requires actual possession. However, there are a myriad of situations in which one could publish, disseminate, or finance child pornography without ever possessing it. *See State v. Knutson*, 64 Wn. App. 76, 82-83, 823 P.2d 513 (1991) (a person can aid or cause a minor to engage in sexually explicit conduct without possessing it).

¶24 Washington recognizes that an individual can finance an activity without actually possessing contraband. It is an offense to lead organized crime by financing three or more persons in criminal profiteering activity. RCW 9A.82.060(1)(a). Criminal profiteering includes violating RCW 9.68A.040 through .060. Former RCW 9A.82.010-(4)(w) (1999).[1]

¶25 The purpose of the child pornography laws is to punish those who benefit from child pornography. *State v. Lodge*, 42 Wn. App. 380, 390-91, 711 P.2d 1078 (1985). A person can benefit due to financial gain or personal gratification. *Id.* If this court were to find that one had to possess child pornography in order to be convicted of selling it, financing it, or disseminating it, we would be ignoring the very purpose of the laws prohibiting these acts.

¶26 One does not have to possess child pornography to finance it or disseminate it. Because an individual can commit RCW 9.68A.050(1) without committing RCW 9.68A.050(2), subsection (2) is not a lesser-included offense of subsection (1). Thus, the court erred by permitting the State to amend the charge against Mr. Griffith after it had rested its case. The conviction for dealing in child pornography must be reversed.

---

[1] Now RCW 9A.82.010(4)(x) per Laws of 2003, ch. 119, § 6.

¶27 Affirmed in part and reversed in part.

BROWN, J., concurs.

¶28 SCHULTHEIS, J. (dissenting) — Although I agree with the majority's analysis concerning the amendment of the information, I would dismiss the entire matter because I do not believe the facts contained in the search warrant affidavit allege the commission of a criminal offense. Accordingly, I must respectfully dissent.

¶29 RCW 9.68A.070 makes it unlawful to "knowingly possess[ ] visual or printed matter depicting a minor engaged in sexually explicit conduct." Under the statute, unless a picture depicts "sexually explicit conduct" it is not illegal to possess it. *State v. Grannis*, 84 Wn. App. 546, 548, 930 P.2d 327 (1997). Sexually explicit conduct includes "[e]xhibition of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer." RCW 9.68A.011(3)(e). Here, the affidavit relates that Aaron Griffith "was taking nude pictures of [C.R.] as a birthday present to him." Clerk's Papers at 107. Three other persons helped her pose for the pictures. I find insufficient facts to support two elements.

¶30 First, the affidavit does not state that Ms. R.'s private parts were exposed. A "nude" photograph does not always depict an area of the body that would make possession of the picture illegal. In other words, if the anatomy required to be shown by the statute is obscured, there is no crime. *See, e.g., State v. Rendleman*, 2003-NMCA-150, 134 N.M. 744, 764-65, 82 P.3d 554, *cert. denied*, 135 N.M. 51, 84 P.3d 668 (2003); *Doe v. Chamberlin*, 139 F. Supp. 2d 637, 642 (M.D. Pa. 2001), *aff'd*, 299 F.3d 192 (3d Cir. 2002).

¶31 The probable cause here can be compared to that found in *State v. Petrone*, 161 Wis. 2d 530, 468 N.W.2d 676 (1991). In *Petrone*, a juvenile victim testified before a county judge as part of a request for a search warrant. *Id.* at 537. She first testified generally that she and others were

photographed in the nude. *Id.* at 547. The judge initially declined to issue the warrant, remarking that nudity alone was insufficient to show a violation of the child pornography law; the photographs had to be sexually explicit—a lewd exhibition of genitals. *Id.* The victim then testified they were asked to "sit on the ground and like put our knees up and stuff and just so that we could show parts of our bodies." *Id.* The judge issued the search warrant. The Wisconsin Supreme Court held the victim's description was sufficient to establish probable cause by showing that the defendant had photographed the victims' genital or pubic areas. *Id.* There was no such clarification here, only that there were nude photos.

¶32 Second, the affidavit does not show that the purpose of the exposure alleged was for sexual stimulation. The facts presented—that the pictures were taken as a birthday present for Mr. Griffith and that others helped her pose—are not helpful to reach the conclusion that possession of the photographs would constitute a crime without some indication that there was exposure of an intimate body part. That is what sets this case apart from *State v. Myers*, 133 Wn.2d 26, 941 P.2d 1102 (1997). There, the Washington State Supreme Court held that the jury could infer that the defendant made a videotape for the purpose of sexual stimulation of the viewer when he posed his seven-year-old daughter while bathing and then repeatedly photographed extreme close-ups of her pubic area. *Id.* at 37-38. Here, there are no facts upon which the sexual stimulation can be logically inferred because the exposure is ambiguous.

¶33 For these reasons, the search warrant should have been suppressed and Mr. Griffith's convictions reversed.

Review denied at 156 Wn.2d 1037 (2006).