IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31407-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL C. HARTZELL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Paul Hartzell was arrested for making a false statement to an officer. We conclude that the arrest lacked probable cause and dismiss the convictions for possession of a controlled substance and making a false statement.

FACTS

This case had its genesis in an arrest of Mr. Hartzell on July 10, 2012. He entered a drug store and purchased a syringe and hypodermic needle, and then proceeded to the restroom and did not come back out. After about a half hour, staff at the drug store called police regarding Mr. Hartzell's purchase and disappearance into the restroom.

Responding officers coaxed Mr. Hartzell out of the restroom. When he emerged, the officers observed signs consistent with Mr. Hartzell being under the influence of illegal stimulants. The officers asked Mr. Hartzell what he had taken. Mr. Hartzell responded that he had injected testosterone, and claimed to have a prescription for testosterone injections.

The officers asked Mr. Hartzell what he had done with the syringe. Mr. Hartzell answered that he had discarded it in the restroom. Not believing Mr. Hartzell, the officers grabbed him and patted him down out of concerns for officer safety. Hypodermic needles present a danger to officers in the field, and the officers also knew from prior contacts that Mr. Hartzell had a violent history with law enforcement.

During the pat down, the officers discovered the syringe and needle in Mr. Hartzell's pocket. The officers then handcuffed Mr. Hartzell, and led him out of the store toward their patrol car. While being led outside, Mr. Hartzell claimed that he had a prescription for testosterone from a Dr. Jefferson. The officers called Dr. Jefferson's office; the office confirmed that Mr. Hartzell once had a prescription for testosterone, but Dr. Jefferson had recently revoked the prescription.

At that point, the officers made the decision to place Mr. Hartzell under arrest and to perform a search incident to arrest. This search resulted in officers finding a bag of white powder, which later tested positive for methamphetamine.

2

The State charged Mr. Hartzell with one count of unlawful possession of a controlled substance and one count of making a false or misleading statement to a public servant. Defense counsel filed a motion to suppress evidence of the methamphetamine and a motion to dismiss the charges. He argued that the officers did not have probable cause to arrest his client for making a false or misleading statement to a public servant.

The court held a hearing and denied both motions. The court later entered findings of fact and conclusions of law. The court determined that the officers had probable cause to arrest Mr. Hartzell for making a false or misleading statement based on the false statement about the syringe and the false statement about having a valid prescription.

The case then proceeded to trial. The jury found Mr. Hartzell guilty on both counts. The court sentenced him to 18 months in prison. Mr. Hartzell thereafter timely appealed to this court.

ANALYSIS

Mr. Hartzell raises two arguments. First, he challenges his warrantless arrest, arguing that officers did not have probable cause to believe he had violated RCW 9A.76.175. He next challenges the constitutionality of that statute. Because we agree with Mr. Hartzell's first argument, we do not address his constitutional challenge.

3

When reviewing a denial of a CrR 3.6 motion to suppress, we consider whether substantial evidence supports the challenged findings of fact and whether the findings support the conclusions of law. *State v. Griffith*, 129 Wn. App. 482, 487, 120 P.3d 610 (2005). We review de novo the trial court's conclusions of law. *State v. Carneh*, 153 Wn.2d 274, 281, 103 P.3d 743 (2004).

In order to arrest Mr. Hartzell, the officers needed probable cause to believe that Mr. Hartzell "knowingly [made] a false or misleading material statement to a public servant." RCW 9A.76.175. A statement is material if it is "reasonably likely to be relied upon by a public servant in the discharge of his or her official powers or duties." *Id.*

Mr. Hartzell argues that his statements about having the needle and about having a valid prescription were not the types of statements reasonably likely to be relied upon by a public servant in the discharge of his or her official powers or duties. We agree. The officers in fact did not rely on the false statements. Instead, the officers recognized the falsity of the statements rather than rely upon them.

No officer in the discharge of his or her official duties is going to reasonably entrust a matter of officer safety to a suspect with a known history of violent encounters with law enforcement. Indeed, the officers here did not entrust their safety to Mr. Hartzell's word. Rather than accepting his statement that he had disposed of the syringe, the officers patted him down to find the syringe. Their conduct, while not determinative,

4

is implicit recognition of the fact that an officer is not going to reasonably rely on a statement concerning officer safety from a suspect with a known history of violence toward police officers.

The trial court also found that the officers in this case had probable cause to arrest Mr. Hartzell based on his false claim that he had a prescription for testosterone. However, the existence of Mr. Hartzell's testosterone prescription was irrelevant to the discharge of the officers' duties in this case. The record lacks any evidence suggesting that officers were investigating Mr. Hartzell for suspected illegal use of testosterone. When Mr. Hartzell emerged from the restroom, the officers believed that he had just injected a stimulant because he exhibited signs consistent with stimulant use rather than steroid use. One of the responding officers testified that the length of time that Mr. Hartzell had spent in the restroom practically ruled out the use of testosterone and indicated stimulant use. These facts demonstrate that a responding officer in this situation is not going to reasonably rely on or be concerned about claims of prescription steroid use. Had Mr. Hartzell told the truth about his testosterone prescription, the officers still would not have believed, nor would they have had reason to believe, that he had been injecting testosterone while in the restroom.

We conclude that the officers lacked probable cause to arrest because Mr. Hartzell's false statements were not material. In neither instance did the officers rely

5

No. 31407-3-III
*State v. Hartzell*

upon the false statements. Instead, the officers recognized that the statements were false and took appropriate action to respond to the falsity. However, because neither statement was "likely to be relied upon by" the officers "in the discharge of" their "official . . . duties," there was no violation of RCW 9A.76.175. The arrest was therefore improper and the methamphetamine discovered as the fruit of the arrest should have been suppressed.

Reversed and remanded for dismissal of the charges.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Brown, J.

6