# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54069-0 II |
| Respondent, | |
| v. | |
| NICOLAS AARON CLARK, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J.—Nicolas Aaron Clark appeals his convictions and sentence for three counts of sexual exploitation of a minor, two counts of first degree child molestation, and six counts of first degree possession of depictions of a minor engaged in sexually explicit conduct. Clark argues that the trial court erred when it denied his motion to suppress evidence seized from his electronic devices. He argues that the affidavit in support of a search warrant was insufficient to establish probable cause. Clark also argues that the independent source doctrine does not apply to another warrant police officers later obtained to cure any defects in the first warrant. Clark also raises several additional arguments in a statement of additional grounds for review (SAG).

We hold that the first warrant was supported by probable cause and, accordingly, we do not reach whether the independent source doctrine applies to the later warrant. We further hold that Clark's SAG claims fail to raise any meritorious issues. Thus, we affirm.

FACTS

I. NCMEC TIP AND FIRST WARRANT

On August 30, 2018, Vancouver Police Department Sergeant Joe Graaff assigned Detective Chadd Nolan an investigative tip from the National Center for Missing and Exploited Children (NCMEC). The tip explained that Tumblr.com, an electronic service provider, submitted information to the NCMEC tip line that an image of suspected child pornography had been uploaded through its servers.[1] Tumblr.com reported "that on or about June 23, 2018, a subject using the Uniform Resource Locator (URL) funrufus.tumblr.com attempted to, or did, pass an image identified as child pornography through their servers." Clerk's Papers (CP) at 235. The tip included two Internet Protocol (IP) addresses of the subject at the time of the incident. Based on the IP addresses, police officers were able to verify that the subject spent time in Vancouver.

Based on this tip, Detective Nolan filed an affidavit for a search warrant on September 26, 2018. The affidavit requested subscriber information from Verizon and Comcast related to the IP addresses, as well as information from Tumblr.com and Yahoo related to the URL and e-mail accounts provided in the tip. Detective Nolan included information describing his experience and training in cybercrime, facts about Tumblr.com and the "funrufus" account, and the IP addresses. Detective Nolan's affidavit described the image:

> The suspect image contains a single pre-pubescent female being directed to pose for the camera. The child is clothed in underwear. However the child has been instructed to pull aside her underwear exposing her vagina. The child's legs are separated making the focal point of the picture the vagina area.

[1] Tumblr.com is a social network website that allows individuals to share photos, videos, and other media through its platform.

CP at 132. The image was not attached to the affidavit.

Based on this affidavit, the trial court granted a search warrant (September 2018 warrant) to collect subscriber information from Verizon related to the suspect IP addresses. Verizon provided responsive data that showed accounts connected to the IP addresses were registered to a Camas address owned by Clark and his wife, and a business in Vancouver owned and operated by Clark. Verizon also provided a cellular telephone number associated with the suspect cell phone that matched Clark's number.

## II. SECOND WARRANT AND ARREST

On October 1, 2018, based on the information collected from Verizon, police officers sought and received a second search warrant (October 2018 warrant) to search Clark's residence and business. The October 2018 warrant included permission to search any electronic devices discovered at the house or business.

On October 5, 2018, one team of police officers searched Clark's home while another team searched his business. Police officers rang the doorbell at Clark's home, and Clark answered the door. Officers explained to Clark that they had a search warrant and asked him to step outside, which he did. Clark had an iPhone on his belt that officers seized. Officers examined the phone and determined that the number matched the one provided by Verizon. A search of the contents of the phone revealed more than 1,000 images depicting children engaged in sexual conduct. The phone also contained stored accounts, including a Tumblr.com application, with "funrufus" as the user name. Officers arrested Clark.

Subsequent analysis of other electronic devices registered to Clark and seized from the home, revealed other caches of child pornography. On October 9, 2018, the State charged Clark

with five counts of first degree possession of depictions of a minor engaged in sexually explicit conduct and one count of second degree possession of depiction of a minor engaged in sexually explicit conduct.

Some images found on Clark's devices depicted a female child in a pink nightgown touching an adult penis, and other images depicted the hand of an adult male. By comparing bed sheets and underwear located in Clark's house to those depicted in the photographs, police determined that these images were created at Clark's residence.

### III. THIRD WARRANT AND AMENDED INFORMATION

On December 4, 2018, Detective Nolan requested and received a third warrant (December 2018 warrant), based on the comparisons of the photographs, to re-enter the Clark residence to seize clothing and bed sheets observed in the images. Police officers also obtained photographs of Clark's exposed body. During the search, officers seized bed sheets and a nightgown matching those in the images. Clark's wife then identified a child in the images as someone she knew and was closely associated with.

On December 6, 2018, the State filed an amended information. In addition to the charges of possession of depictions of a minor engaged in sexually explicit conduct, the State added one count of first degree rape of a child, three counts of sexual exploitation of a minor, and two counts of first degree child molestation. The State also alleged sentencing aggravators of using a position of trust or confidence to facilitate the commission of the crimes, RCW 9.94A.535(3)(n), and the free crime aggravator under RCW 9.94A.535(2)(c).

IV. MOTION TO SUPPRESS EVIDENCE AND FOURTH WARRANT

On February 15, 2019, Clark filed a motion to suppress all evidence collected during the course of the police investigation, arguing that Detective Nolan's affidavit in support of the September 2018 warrant failed to establish probable cause. In response to Clark's motion, Sergeant Graaff sought an additional warrant (April 2019 warrant) based on an affidavit signed by Sergeant Graaff that did not include any information gained as a result of the first warrant. Clark stipulated that none of the evidence seized following the first warrant was used in Sergeant Graaff's affidavit.

Sergeant Graaff's affidavit, filed in April 2019, again requested subscriber information from Verizon. The affidavit also included information from the tip regarding NCMEC and Tumblr.com, the information about the "funrufus" account, and the IP address information. Sergeant Graaff's affidavit contained a more graphic description of the image provided in the tip and did not refer to the child being directed or instructed to pose in any particular manner. The trial court signed the April 2019 search warrant. However, police did not serve the warrant on or seek the information from Verizon.

The trial court held a CrR 3.6 hearing on Clark's motion to suppress on August 19, 2019. The State argued that both the September 2018 warrant and the April 2019 warrant were supported by probable cause and that if the trial court disagreed, the evidence would still be admissible under the independent source doctrine. The trial court agreed with the State. In its conclusions of law regarding the September 2018 warrant's probable cause, the trial court concluded:

> 3.3 The description of the image of the juvenile female in question meets the definition of sexually explicit conduct found in RCW 9.68A.870.

5

3.4 The affidavit's description that suspected child pornography had been uploaded and that the URL funrufus.tumblr.com passed or attempted to pass an image identified as child pornography through their servers is a sufficient description of the defendant's alleged criminal activity.

3.5 While the use of the term "child pornography" may not satisfy the particularity requirement of the Fourteenth Amendment, the detailed description of the photograph found in the search warrant affidavit satisfies the particularity requirement.

. . . .

3.7 . . . In the case at bench, the focus of the image is on a minor female's vagina with legs spread and underwear pulled aside. The inference is that the child was posed for sexual stimulation.

3.8 The search warrant affidavit establishes probable cause.

CP at 235-36.

Likewise, regarding the April 2019 warrant's probable cause, the trial court concluded:

4.1 Washington [S]tate recognizes the independent source doctrine as an exception to the exclusionary rule. *State v. Coates*, 107 Wn.2d 882, 887 (1987) (explaining that a search warrant may be upheld if the affidavit contains sufficient facts to establish probable cause independent of any illegally obtained information in the affidavit).

4.2 The second search warrant affidavit establishes probable cause.

CP at 236 (citation omitted).

V.  TRIAL AND SENTENCE

Clark waived his right to a trial by jury and the case proceeded to a bench trial on September 10, 2019.  In Clark's waiver, he stated, "I understand that by waiving my right to a jury trial, I am still presumed innocent but that the Judge alone will decide whether the State has proven my guilt beyond a reasonable doubt."  CP at 233.

At trial, Clark's wife identified a girl depicted in images recovered by police, testifying that she was a child Clark's wife knew and was closely associated with. She testified that the child would have been eight years old or younger in the images. Clark's wife was also able to identify Clark's body parts in the images.

The trial court found Clark guilty of three counts of sexual exploitation of a minor, two counts of first degree child molestation, and six counts of first degree possession of depictions of a minor engaged in sexually explicit conduct.[2] The trial court found Clark not guilty on the charge of first degree rape of a child. The trial court also found Clark used his position of trust or confidence to facilitate the commission of the crimes and also added the free crime aggravator under RCW 9.94A.535(2)(c).[3] The trial court sentenced Clark to an exceptional sentence of 258 months based on the aggravating factors.

Clark appeals his judgment and sentence.

ANALYSIS

I. SEPTEMBER 2018 AFFIDAVIT

Clark argues that the trial court erred when it denied his motion to suppress because Detective Nolan's affidavit was insufficient to establish probable cause for the September 2018

---

[2] The State also charged Clark with one count of witness tampering in an amended information on the day of trial. CP at 240. Although the trial court found Clark guilty of witness tampering beyond a reasonable doubt in an oral ruling, the court did not mention this charge at sentencing or include the charge or conviction in the judgment and sentence form or the warrant of commitment to the Department of Corrections. *Compare* Verbatim Report of Proceedings at 318 *and* CP at 364-65, 381-82. It is unclear from the record on appeal whether this omission was intentional or due to oversight.

[3] RCW 9.94A.535(2)(c) applies when the defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.

warrant. Specifically, he argues that Detective Nolan's affidavit was speculative, that it was impossible to tell from the affidavit if illegal activity took place, and that the image may have been a "'selfie'" that was not illegal to possess. Br. of Appellant at 15. He also argues that the independent source doctrine does not apply to Sergeant Graaff's affidavit supporting the April 2019 warrant. We disagree and hold that Detective Nolan's affidavit was sufficient to support a finding of probable cause. Accordingly, we do not reach the independent source doctrine issue.

A magistrate may issue a warrant only on a showing of "probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "The Constitution requires that a detached and neutral magistrate or judge make the determination of probable cause." *State v. Maddox*, 152 Wn.2d 499, 505, 98 P.3d 1199 (2004). "We generally review the issuance of a search warrant only for an abuse of discretion." *State v. Neth*, 165 Wn.2d 177, 182, 196 P.3d 658 (2008). During a suppression hearing, a "trial court acts in an appellate-like capacity," reviewing the magistrate's decision. *Neth*, 165 Wn.2d at 182.

We defer to the magistrate's determination on probable cause but review the trial court's legal conclusions de novo. *Neth*, 165 Wn.2d at 182. Our review is limited to the four corners of the affidavit filed in support of the warrant. *Neth*, 165 Wn.2d at 182. A magistrate may issue a search warrant only where the affidavit shows facts and circumstances sufficient for a reasonable person to conclude there is a probability that the defendant is involved in criminal activity and that evidence of criminal activity will be found at the place to be searched. *Neth*, 165 Wn.2d at 182; *Maddox*, 152 Wn.2d at 509. "It is only the probability of criminal activity, not a prima facie

showing of it, that governs probable cause. The magistrate is entitled to make reasonable inferences from the facts and circumstances set out in the affidavit." *Maddox*, 152 Wn.2d at 505.

We may take the affiant's experience and expertise into account when determining whether probable cause was established. *Maddox*, 152 Wn.2d at 511. However, the affidavit must be based on more than the affiant's suspicions or beliefs. *Neth*, 165 Wn.2d at 182. We do not review the affidavit "hypertechnically;" we apply a commonsense analysis. *Neth*, 165 Wn.2d at 182. "All doubts are resolved in favor of the warrant's validity." *Maddox*, 152 Wn.2d at 509.

Possession of depictions of a minor engaged in sexually explicit conduct is a crime. RCW 9.68A.070. Under RCW 9.68A.011(4)(f), "sexually explicit conduct" includes:

> [A]ctual or simulated . . . [d]epiction of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer. For the purposes of this subsection (4)(f), it is not necessary that the minor know that he or she is participating in the described conduct, or any aspect of it.

A commonsense analysis of Detective Nolan's affidavit shows that it set forth facts and circumstances sufficient for a reasonable person to conclude there was a probability of criminal activity. *Neth*, 165 Wn.2d at 182. Detective Nolan described Tumblr.com, explained subscriber information as it related to Verizon, the "funrufus" account, and IP addresses. He included information from Tumblr.com and Yahoo related to the URL and e-mail accounts provided in the tip. Detective Nolan also described his experience and training in cybercrime. Detective Nolan described the image so that the reader could determine that (1) it contained a single pre-pubescent female clothed in underwear, (2) with the underwear pulled aside to expose her vagina, and (3) the child's legs are separated making the focal point of the picture the vagina area.

The description of the image, when taken together with the affidavit's description of the Tumblr.com site, Detective Nolan's experience, and the other information from the NCMEC tip is sufficient to make a reasonable inference that criminal activity would be found by a search. *Maddox*, 152 Wn.2d at 505, 509. The image described meets the statutory definition of a "depiction of a minor engaged in sexually explicit conduct" under RCW 9.68A.070 and 9.68A.011(4)(f). Because Tumblr.com is used to share photos, and because the image was passed through Tumblr.com's servers from an IP address located in Vancouver, it is reasonable to infer from the affidavit that a person in Vancouver was involved in criminal activity. Thus, the September 2018 warrant was supported by sufficient probable cause.

Clark argues that Detective Nolan's affidavit was speculative. He argues that the affidavit was impermissibly based on Detective Nolan's suspicions and beliefs. *See Neth*, 165 Wn.2d at 183. Clark bases this argument on Detective Nolan's description of the image, which stated that the child depicted was "directed" to pose in a certain manner and that the child was "instructed" to pull aside her underwear, even though there is no information in the still image that suggests direction or instruction. Br. of Appellant at 15-16. Clark argues that those speculations were critical to the magistrate's determination. Furthermore, he argues that because the description was "based only on *suspected* child pornography, not actual child pornography," it was insufficient to support probable cause. Br. of Appellant at 16 (emphasis added). We disagree.

As explained above, it is possible to infer from the description of the image that it contained a depiction of a minor engaged in sexually explicit conduct. The "directed" and "instructed" terms used, even assuming they are speculative, contribute nothing to a reasonable

person making an inference that the image might contain child pornography. Moreover, that the image may have been only *suspected* child pornography does not weaken the inference of criminal activity because the affiant need create only the reasonable inference of the probability of criminal activity, not a prima facie showing of it. *Neth*, 165 Wn.2d at 182; *Maddox*, 152 Wn.2d at 505.

Clark also argues that it is impossible to tell from the affidavit "whether the user was uploading or downloading the image, sending it to someone, or having it sent to them by someone else." But it does not matter. The suspected crime was one of possession. RCW 9.68A.070. It would not matter which of the actions the defendant was taking; any or all may have established possession.

Finally, Clark argues that the image may be a "'selfie'" photograph taken by the girl and as such would not be illegal to possess. Br. of Appellant at 15. To support this argument, Clark cites to *State v. Grannis*, 84 Wn. App. 546, 550-51, 930 P.2d 327 (1997) and *State v. Chester*, 82 Wn. App. 422, 428, 918 P.2d 514 (1996), *aff'd*, 133 Wn.2d 15, 940 P.2d 1374 (1997). This argument is flawed.

*Grannis* and *Chester* interpreted former RCW 9.68A.011(3)(c) (1989), which stated that an image became explicit only when the behavior of the subject in a given image was "'for the purpose of sexual stimulation of the viewer.'" *Grannis*, 84 Wn. App. at 549 (quoting former RCW 9.68A.011(3)(c)); *Chester*, 82 Wn. App. at 425 (quoting former RCW 9.68A.011(3)(c)). In 2010, the legislature revised the statute to delete that language and created RCW 9.68A.011(4)(f) as it reads today. ENGROSSED SUBSTITUTE H.B. 2424, 61st Leg., Reg. Sess. (Wash. 2010); *State v Powell*, 181 Wn. App. 716, 728, 326 P.3d 859 (2014).

We explained the change in *Powell*:

Following this amendment, RCW 9.68A.011(4)(f)'s plain meaning is that the person who creates the depiction, rather than the person who creates the exhibition that is depicted, must have the "purpose of sexual stimulation of the viewer." Stated another way, the creator of the "exhibition that is depicted" is the minor or one who initiates, contributes to, or influences the minor's conduct, but the creator of the "depiction" is the person who creates the image, such as a photographer.

RCW 9.68A.011(4)(f) lends further support to this interpretation with the added language stating that "it is not necessary that the minor know that he or she is participating in the described conduct, or any aspect of it." The plain meaning of this language shows that the legislature intended to extend criminal liability to those who possess depictions made by secretly recording minors without their knowledge.

181 Wn. App. at 728 (quoting RCW 9.68A.011(4)(f)).

Thus, for the purposes of supporting probable cause here, the description of the image and other facts in the affidavit were sufficient to raise a reasonable inference that illegal conduct took place. Even assuming that it was impossible to tell whether or not the child took the image as a selfie, the description of the image and the facts surrounding its transmission through Internet servers on a social media platform is enough for a reasonable person to conclude that there was a probability of illegal activity. RCW 9.68A.011(4)(f). Accordingly, we hold that Detective Nolan's affidavit was sufficient to establish probable cause for the September 2018 warrant. Thus, we need not reach whether Sergeant Graaff's affidavit established probable cause under the independent source doctrine for the April 2019 warrant.

## II.  STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Clark raises eight additional issues in his SAG. Clark raises multiple issues for the first time on appeal, reaches outside the record, re-raises issues argued in his brief, and he raises no issue meriting reversal.

A.      *Legal Principles*

A SAG must adequately "inform us of the nature and occurrence of the alleged errors." *State v. Calvin*, 176 Wn. App. 1, 26, 316 P.3d 496 (2013). We do not review matters outside the record on direct appeal. *State v. McFarland*, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995). Issues involving facts outside of the record are properly raised in a personal restraint petition, rather than a SAG. *Calvin*, 176 Wn. App. at 26.

B.      *Sixth Amendment Right to Face Accuser*

Clark argues he was denied his right to face his accuser under the Sixth Amendment to the United States Constitution. Clark argues that a Tumblr.com employee who submitted the tip was his accuser and that he was denied the opportunity to examine the declarant in violation of the Sixth Amendment and *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). We do not reach this argument because Clark did not object below and did not preserve the issue for appeal.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. But an objection must be made in the trial court to preserve the error for appeal. *State v. O'Cain*, 169 Wn. App. 228, 235, 279 P.3d 926 (2012) ("[T]he right to confrontation must be asserted at or before trial or be lost."); *see also Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311, 313-14, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009) (claim of error premised on the confrontation clause must be asserted at or before trial or be lost).

Here, Clark knew that the State intended to use the Tumblr.com tip against him because it was part of the September 2018 affidavit and search warrant. To preserve this issue, Clark then

13

had to object and request the Tumblr.com employee to appear at trial. Because he failed to do so, Clark has waived the right to assign error here.

C.      *Fifth Amendment Right against Self-Incrimination and Sixth Amendment Right to Counsel*

Clark argues that police officers violated his rights under the Fifth and Sixth Amendments to the United States Constitution by coercing him into revealing the password to his cell phone and computer. Clark did not raise this error in the trial court and he draws on facts outside the record on appeal to make this argument. Because Clark raises this issue for the first time on appeal, we do not consider it.

We will not generally review an error not raised in the trial court. RAP 2.5(a). However, RAP 2.5(a)(3) permits a party to raise initially on appeal a claim of "manifest error affecting a constitutional right." The error must be both manifest and truly of constitutional magnitude. *In re Det. of Reyes*, 176 Wn. App. 821, 842, 309 P.3d 745, 315 P.3d 532 (2013). A claim is manifest if the facts in the record show that the constitutional error prejudiced the defendant's trial. *McFarland*, 127 Wn.2d at 333. Where a party claims constitutional error, we preview the merits of the claim to determine whether the argument is likely to succeed. *State v. Walsh*, 143 Wn.2d 1, 8, 17 P.3d 591 (2001). However, if the necessary facts are not in the record, "no actual prejudice is shown and the error is not manifest." *McFarland*, 127 Wn.2d at 333.

Here, Clark reaches outside the record to argue that police officers coerced him into revealing his passwords. Because the facts he draws on are not in the record, he does not show prejudice and cannot show a manifest error. Thus, under RAP 2.5, we do not consider his claim.

D.      *Neutral and Detached Magistrate*

Clark argues that the magistrate who issued the September 2018 search warrant was not neutral and detached in her finding of probable cause. We disagree.

The Fourth Amendment to the United States Constitution and article I, section 7 of the Washington Constitution require that a neutral and detached magistrate make the determination of probable cause to issue a warrant. *Maddox*, 152 Wn.2d at 505; *State v. Byrd*, 178 Wn.2d 611, 629, 310 P.3d 793 (2013). This protection exists to ensure the decision is based on facts presented to the magistrate, instead of being made by police officers involved in the investigation. *State v. Lyons*, 174 Wn.2d 354, 360, 275 P.3d 314 (2012).

We review the magistrate's decision to ensure the magistrate did "'not serve merely as a rubber stamp for the police.'" *Lyons*, 174 Wn.2d at 360 (quoting *Aguilar v. Texas*, 378 U.S. 108, 111, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964), *abrogated on other grounds by Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)). The party challenging the neutrality of a magistrate must show that the judge did not provide independent judgment over the police request and that the subsequent decision was not totally divorced from the investigation. *See Staats v. Brown*, 139 Wn.2d 757, 777, 991 P.2d 615 (2000); *State v. Smith*, 16 Wn. App. 425, 427-28, 558 P.2d 265 (1976).

Here, Clark makes no showing that the magistrate's function was not totally divorced from the police officers' search. There is nothing in the record on appeal that suggests the reviewing magistrate provided anything other than independent judgment over the affidavit and warrant decision. Thus, Clark's argument fails.

E.    *Probable Cause*

Clark re-raises the argument from his brief that Detective Nolan's affidavit arising from the NCMEC and Tumblr.com tip was insufficient to support probable cause. For the reasons explained above, this argument fails.

F.    *Independent Source Doctrine*

Clark re-raises the argument from his brief that the independent source doctrine does not apply to the affidavit Sergeant Graaff issued to cure any faults with the September 2018 warrant. Because we hold that Detective Nolan's affidavit supports probable cause, we do not reach this argument.

G.    *Witness Tampering: Sufficiency of the Evidence*

Clark argues that there was insufficient evidence to convict him of witness tampering. Under RAP 2.2(a)(1), a party may appeal only from a final judgment entered below. Under RAP 2.4(a), we review the decision designated in the notice of appeal. Here, neither the final judgment below nor Clark's notice of appeal include a conviction for witness tampering. Accordingly, we do not consider this argument.

H.    *Offender Score Calculation*

Clark argues that the trial court incorrectly calculated his offender score. He argues that the trial court based his score on his current convictions but that the trial court should have based it only on the score of his past convictions. We disagree.

We review a trial court's offender score calculation de novo. *State v. Schwartz*, 194 Wn.2d 432, 438, 450 P.3d 141 (2019). Trial courts must calculate offender scores by

determining a defendant's criminal history based on his or her prior convictions under the formula in RCW 9.94A.525. *Schwartz*, 194 Wn.2d at 438.

RCW 9.94A.525(1) provides: "Convictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed 'other current offenses' within the meaning of RCW 9.94A.589." Under RCW 9.94A.589(1)(a), "the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score." The Sentencing Reform Act of 1981, chapter 9.94A RCW, does not define "current offense," but our Supreme Court has defined it "functionally as convictions entered or sentenced on the same day." *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 507, 301 P.3d 450 (2013). Indeed, our courts have repeatedly held that current offenses are treated as prior convictions when calculating an offender score, especially when imposing an exceptional sentence. *State v. France*, 176 Wn. App. 463, 468, 308 P.3d 812 (2013) (citing RCW 9.94A.525(1)); *State v. Newlun*, 142 Wn. App. 730, 742, 176 P.3d 529 (2008) ("[F]or purposes of computing the offender score in relation to the imposition of an exceptional consecutive sentence, the legislature has determined that current offenses are to be treated as 'prior convictions.'").

Here, Clark had no known prior felony convictions before his conviction in this case. However, the trial court convicted Clark of 11 felonies. Based on these current offenses, the trial court correctly calculated Clark's offender score.

I.      *Right to Jury Trial on Sentencing Enhancements*

Clark argues that he was denied a jury trial during sentencing when the trial court added the free crime aggravator. He argues that the trial court was required to hold a jury trial to find

No. 54069-0-II

facts that increase penalties beyond a statutory maximum under *Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). But Clark waived his right to a trial by jury, stating, "I understand that by waiving my right to a jury trial, I am still presumed innocent but that the Judge alone will decide whether the State has proven my guilt beyond a reasonable doubt." CP at 233. Accordingly, Clark waived his right to trial by jury and therefore the trial court at the bench trial properly considered the facts for Clark's sentencing.

CONCLUSION

We hold that the September 2018 warrant was supported by probable cause, and we do not reach the independent source doctrine question. We further hold that Clark's SAG claims fail to raise any meritorious issues. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, C.J.

Sutton, J.

18