[No. 29212-6-III. Division Three. February 2, 2012.]

AARON DOYLE, *Appellant*, v. DEREK ANGUS LEE, *in His Capacity as the Grant County Prosecuting Attorney*, ET AL., *Respondents*.

*Garth L. Dano* and *William A. Gilbert* (of *Dano & Gilbert PLLC*) and *Kenneth H. Kato*, for appellant.

*Angus Lee, Prosecuting Attorney,* and *Dalton L. Pence, Deputy,* and *Pamela B. Loginsky* (of *Washington Association of Prosecuting Attorneys*), for respondents.

¶1 BROWN, J. — At the time of this suit, Aaron Doyle was a Quincy Police Department officer. He had been a deputy sheriff in California but left that job as part of a dispute settlement surrounding allegations of improper conduct, partly involving dishonesty. Grant County Prosecutor D. Angus Lee became aware accidentally of Officer Doyle's past as part of an investigation of a theft reported by Officer Doyle. Mr. Lee decided he was required to notify defense counsel in cases where Officer Doyle was or would be a witness, of Officer Doyle's past for impeachment purposes. Officer Doyle sued Mr. Lee and the Grant County Prosecuting Attorney's Office (collectively Mr. Lee) to prevent disclosure and to protect his privacy. Officer Doyle obtained a temporary restraining order (TRO) and then a preliminary injunction. The trial court soon summarily dismissed his complaint and dissolved the injunctions. Officer Doyle appealed. Mr. Lee cross appeals, contending the trial court erred by sealing the file and entering the injunctions. We affirm the trial court's orders, determine the cross appeal is mainly moot, and award attorney fees to Mr. Lee.

## FACTS

¶2 Officer Doyle left his California employment with the Sierra County Sheriff's Office after a settlement agreement dismissing a disciplinary action in exchange for his resignation. The agreement precluded Officer Doyle from applying for or accepting employment with Sierra County for five years. Before this agreement was reached, Officer

Doyle had first been subject to termination, and later was placed on unpaid, one-year probation. Officer Doyle denies any wrongdoing finding and generally argues Mr. Lee's actions are vindictive due to his nonsupport of Mr. Lee's reelection as prosecutor.

¶3 In May 2007, Officer Doyle became employed by the Quincy Police Department. He later was involved in a romantic relationship with Haley Taylor that ended badly, with allegations of criminal misconduct claimed by both parties. In 2009, Officer Doyle reported a memory device containing documents related to his Sierra County employment had been stolen from his home. Police recovered the memory device from Ms. Taylor's attorney and reviewed the Sierra County investigation documents. Believing the investigation resulted in a finding that Officer Doyle was dishonest, police passed this information to Mr. Lee. Mr. Lee preliminarily determined the dishonesty finding and the supporting information were potential impeachment materials that his office was required to disclose to criminal defendants in cases where Officer Doyle was a witness under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1983).

¶4 Mr. Lee notified Officer Doyle of his determination and invited him to provide any information he wished to assist Mr. Lee in making his *Brady* determination. Officer Doyle responded by suing in Kittitas County Superior Court for declaratory relief, seeking orders to prohibit Mr. Lee from using, distributing, or disseminating any of the documents related to Officer Doyle's Sierra County employment. Officer Doyle alleged this result was compelled by the settlement agreement entered into with Sierra County and by court orders issued by both the California Superior Court and the Grant County Superior Court. Ex parte on April 8, 2010, Officer Doyle moved for a TRO and an order to seal the record. Mr. Lee unsuccessfully moved to dissolve the TRO. On April 23, 2010, the trial court granted a preliminary injunction and entered an order sealing the entire court file.

¶5 On June 11, 2010, Mr. Lee moved for summary judgment to dissolve the preliminary injunction and to dismiss the complaint. Mr. Lee partly asserted Officer Doyle's case was moot, since copies of the Sierra County documents had been distributed as discovery to numerous Grant County criminal defense attorneys. Six days after Mr. Lee's summary judgment motion, Officer Doyle served Deputy Prosecuting Attorney Douglas Mitchell with a subpoena for deposition and a subpoena duces tecum. Mr. Lee successfully moved to quash the subpoena on grounds that Mr. Mitchell had appeared on his behalf in this case, and his deposition was barred by both the attorney/client privilege and the work product doctrine. The court directed further discovery held in abeyance until after Mr. Lee's summary judgment motion was heard. Officer Doyle did not identify what evidence he hoped to obtain through discovery.

¶6 Officer Doyle supplemented his opposition to the summary judgment by moving to remove the Grant County Prosecuting Attorney's Office and Mr. Lee on cases where he was a potential witness, including the summary judgment proceedings. The court denied his request. Finding the Sierra County outcome was adverse to Officer Doyle and that such information would be of public concern, the trial court ordered the immediate termination of the April preliminary injunction and granted Mr. Lee's motion for summary dismissal. The court ordered that the court file be unsealed on August 2, 2010. Officer Doyle appealed. Mr. Lee cross appealed.[1] We also consider various motions.

## ANALYSIS

### A. Disqualification Motion

¶7 The issue is whether the trial court erred in refusing to remove Mr. Lee and the Grant County Prosecut-

---

[1] We grant Mr. Lee's motion to seal and redact portions of his reply brief in response to our clerk's February 17, 2011 letter requiring that action. We allow Mr. Lee to file the redacted brief and grant the motion to seal Mr. Lee's reply brief to the extent it quotes sealed material.

ing Attorney's Office from the summary judgment proceedings, considering Officer Doyle's conflict of interest contentions. We review the court's ruling for abuse of discretion. *Pub. Util. Dist. No. 1 of Klickitat County v. Int'l Ins. Co.*, 124 Wn.2d 789, 812, 881 P.2d 1020 (1994). Discretion is abused if it is exercised without tenable grounds or reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

¶8 A prosecuting attorney may be replaced with a special prosecuting attorney if the prosecuting attorney fails, from sickness or other cause, to attend court. *State v. Heaton*, 21 Wash. 59, 61-62, 56 P. 843 (1899). Conflict of interest would be considered an "other cause." *See State v. Stenger*, 111 Wn.2d 516, 521-22, 760 P.2d 357 (1988) (defendant was prosecutor's former client). But the mere appearance of impropriety is insufficient to remove a prosecutor because the appearance of fairness doctrine does not apply to the executive duties of a prosecutor. *State v. Finch*, 137 Wn.2d 792, 810, 975 P.2d 967 (1999).

¶9 Here, Mr. Lee has never represented Officer Doyle. A prosecutor may not be disqualified from an action by his opponent's lawsuit filing or bar complaint. *See State v. Sinclair*, 46 Wn. App. 433, 437, 730 P.2d 742 (1986) (a criminal defendant's filing of a formal complaint against his lawyer with the Washington State Bar Association does not create a conflict of interest in violation of the Code of Professional Responsibility sufficient to force the recusal of the attorney). Thus, Mr. Lee was properly allowed to personally defend his office. Accordingly, the trial court did not err by allowing Mr. Lee to pursue his summary judgment motion to dissolve the preliminary injunction.

## B. Summary Judgment Continuance Request

¶10 The issue is whether the trial court erred in not granting Officer Doyle's summary-judgment continuance request to engage in discovery. A court has broad discretion

to grant or deny a continuance that we review for a manifest abuse of discretion. *Colwell v. Holy Family Hosp.*, 104 Wn. App. 606, 615, 15 P.3d 210 (2001).

¶11 During the hearing on Mr. Lee's motion to quash the subpoena relating to Mr. Mitchell, Officer Doyle argued the summary judgment hearing should be continued. The trial court declined to rule on the motion because it was not properly before the court. Officer Doyle stated that he would file a continuance motion, but the record does not show this was accomplished. Generally, a properly noted motion is filed with the opposing party and the court. CR 5(a), (e). The trial court requested that Officer Doyle properly note his continuance motion so it could consider the matter. Because Officer Doyle did not properly request a continuance and failed to properly note his motion, the trial court had no opportunity to exercise its discretion. Therefore, this issue is not properly before us.

## C. Summary Judgment Dismissal

¶12 The issue is whether the trial court erred in granting Mr. Lee's motion for summary judgment dismissal of Officer Doyle's complaint and in dissolving the injunction. Ordinarily, a trial court's decision to grant an injunction and its decision regarding the terms of the injunction are reviewed for an abuse of discretion. *Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209, 995 P.2d 63 (2000). But here, because the injunction is being reviewed as an appeal from a summary judgment order dissolving it and its validity involves solely questions of law, our review is de novo. *Mains Farm Homeowners Ass'n v. Worthington*, 121 Wn.2d 810, 813, 854 P.2d 1072 (1993).

¶13 A party seeking an injunction must show " '(1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him.' " *Tyler*

*Pipe Indus., Inc. v. Dep't of Revenue*, 96 Wn.2d 785, 792, 638 P.2d 1213 (1982) (quoting *Port of Seattle v. Int'l Longshoremen's & Warehousemen's Union*, 52 Wn.2d 317, 319, 324 P.2d 1099 (1958)).

¶14 Here, conditions changed significantly between April 8, 2010, when the ex parte TRO was granted and July 16, 2010, when the order dissolving the preliminary injunction and dismissing the case was entered. The trial court reviewed the Sierra County documents that were not available when the TRO was issued; it decided a sustained finding of dishonesty existed resulting in adverse consequences to Officer Doyle. Under *Brady*, a prosecutor is required to disclose exculpatory evidence, including an officer's dishonesty. 373 U.S. at 87. Mr. Lee complied with the *Brady* mandates by giving the documents to numerous affected defense attorneys. Given our review of this record and the relevant authorities, the trial court did not err in dissolving the injunction and dismissing Officer Doyle's complaint.

## D. Cross Appeal

¶15 On cross appeal, Mr. Lee first contends injunctive relief was wrongly granted and that the trial court erred in not entering written findings of fact and conclusions of law before sealing the court file. While Officer Doyle agrees with Mr. Lee's contention regarding written findings and conclusions, a case is moot when limited to abstract principles or questions, the substantive questions in the trial court no longer exist, or a court can no longer provide effective relief. *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005). Assuming Mr. Lee's arguments are correct, we cannot provide effective relief. The trial court dissolved the preliminary injunction and unsealed the trial court file. While this court stayed those rulings pending this appeal, those rulings are affirmed for the reasons discussed above. Thus,

no further relief can be afforded by this court. Therefore, the issues are moot.

¶16 Next, Mr. Lee contends this court improperly sealed its court file because no compelling privacy or safety concern outweighs the public interest in access to the court record. Under GR 15(g), "records sealed in the trial court shall be sealed from public access in the appellate court subject to further order of the appellate court." Based on this rule, it was reasonable for our clerk to seal this court's file. And, this court revisited the issue after Mr. Lee moved to modify the clerk's ruling by unsealing this court's record except the clerk's papers and report of proceedings. Moreover, because the dissemination of information was central to this appeal, this court necessarily sealed portions of its record pending this decision.

¶17 Mr. Lee argues this court was required to submit written findings of fact and conclusions of law addressing the factors in *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 640 P.2d 716 (1982) before sealing its file. But CR 52(a)(5)(B) partly states, "Findings of fact and conclusions of law are not necessary: . . . [o]n decisions of motions." In *In re Marriage of Treseler*, 145 Wn. App. 278, 290, 187 P.3d 773 (2008), Division One of this court held that a trial court did not commit error by deciding a motion to seal without also entering findings and conclusions. Moreover, in its ordinary role as a reviewing court, an appellate court does not make findings of fact.[2] *See King County Emps.' Ass'n v. State Emps.' Ret. Bd.*, 54 Wn.2d 1, 5, 336 P.2d 387 (1959) ("appellate court—not a trier of the facts . . . has no power to enter any findings of fact"). Accordingly, this court was not required to enter written findings and conclusions before sealing its file.

---

[2] The records sealed on appeal in this case were records that had been sealed in the trial court and were governed by GR 15(g). This case does not require us to consider the process to be followed if a request to seal a record were to be raised for the first time in this court.

## E. Attorney Fees

¶18 Mr. Lee requests attorney fees on appeal. He argues case law supports an award of attorney fees when a preliminary injunction is dissolved. A court, in exercising its discretion, may award attorney fees when a party prevails in dissolving an injunction. *Cornell Pump Co. v. City of Bellingham*, 123 Wn. App. 226, 232, 98 P.3d 84 (2004). In *Cecil v. Dominy*, 69 Wn.2d 289, 418 P.2d 233 (1966), our Supreme Court discussed the rationale for awarding attorney fees to parties who prevail in dissolving a wrongful injunction. Even so, the effect of our holding, assuming the trial court's order is to unseal the record on appeal, is as ordered by our clerk on February 17, 2011.

> Because the trial on the merits had for its sole purpose a determination of whether the injunction should stand or fall, and was the only procedure then available to the party enjoined to bring about dissolution of the temporary injunction, the case comes within the rule that a reasonable attorney's fee reasonably incurred in procuring the dissolution of an injunction wrongfully issued represents damages suffered from the injunction.

*Cecil*, 69 Wn.2d at 291. Although Officer Doyle argues public attorneys may not recover attorney fees, "a county prosecutor . . . may recover investigation and trial costs, as well as attorney fees." *State ex rel. Evergreen Freedom Found. v. Nat'l Educ. Ass'n*, 119 Wn. App. 445, 451 n.6, 81 P.3d 911 (2003).

¶19 Because the purpose of the proceedings below and on appeal was to dissolve an injunction and because we hold Mr. Lee prevails here in seeking to affirm the trial court's order dissolving the injunction, he is entitled to attorney fees reasonably expended on appeal. While the parties dispute whether a bond was or should have been posted, the amount of recovery is not affected by a bond amount since the award of attorney fees is not based

on the bond statute, but is based on a rule of equity. *Ritchie v. Markley*, 23 Wn. App. 569, 575, 597 P.2d 449 (1979). Given this analysis, we grant Mr. Lee's attorney fee request.

¶20 Affirmed.

SWEENEY and SIDDOWAY, JJ., concur.

Reconsideration denied March 7, 2012.

Petition for review denied and issues raised in respondent's answer denied at 174 Wn.2d 1016 (2012).