# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GERARD BELL and LAPRITA HAMILTON, | No. 55284-1-II |
| Appellants, | |
| v. | |
| CITY OF TACOMA, WILLIAM R. FELDT, (D.B.A.) YOUNG FELDT, | UNPUBLISHED OPINION |
| Respondents. | |

GLASGOW, A.C.J. — After Gerard Bell alerted the City of Tacoma to uninhabitable conditions in the rental unit that he was renting from William Feldt, the City intervened, forcing Bell to move. The City required Feldt, to pay Bell $2,000 in relocation assistance. Bell then brought various civil claims against the City and Feldt.

Bell moved for default multiple times, but the trial court ultimately denied default because both parties answered the complaint. The City requested a continuance due to the COVID-19 pandemic that the court granted. The court also granted the City's motion for summary judgment, dismissing all of Bell's claims against the City. After a bench trial, the court dismissed the remainder of Bell's claims against Feldt.

Bell appeals, arguing that the trial court erred by not entering default judgment, by granting the City's motion for summary judgment, by delaying Bell's trial, and by dismissing the claims against Feldt. We disagree and affirm.

FACTS

I. BACKGROUND

Bell was living at a rental property owned by Feldt when Bell filed a complaint with the City, alleging that his residence had flooded due to a broken water heater. Bell asked the City to inspect the residence. Despite the City's warning that Bell might need to vacate the residence after the inspection, Bell confirmed he wanted an inspection. The inspector concluded that the hot water tank had failed, flooding the residence. There was mold and mildew in the residence, and, according to Bell, there had been no running water for some time. The residence was deemed too unsafe to be occupied.

The City arranged for the relocation assistance that Feldt was required to pay Bell under RCW 59.18.085. RCW 59.18.085(3) provides, with limited exceptions, that a landlord is required to pay relocation assistance to displaced tenants if the City has notified the landlord that the residence cannot be lawfully occupied due to conditions that violate applicable codes, statutes, ordinances, or regulations, and the landlord knew or should have known that the conditions existed. The relocation assistance is $2,000 or "three times the monthly rent," whichever amount is higher. RCW 59.18.05(3)(b). Bell acknowledged, in writing, that the City had notified him that he was entitled to relocation assistance. Bell also acknowledged in writing that Feldt paid him $2,000 in relocation assistance.

## II. LAWSUIT

A.      Bell's Complaint

In July 2019, Bell filed suit against the City and Feldt, alleging negligence, breach of contract, discrimination, conversion of chattels, and failure to provide notice. It is not entirely clear from Bell's complaint which claims were against the City and which were against Feldt, or whether Bell brought each claim against both defendants.

Bell asserted that he notified Feldt about the broken water heater and damage to Bell's possessions but Feldt failed to respond, and as a result, Bell had to undergo medical treatment due to exposure to the mold that grew in the residence. Bell also alleged that Feldt withheld Bell's security deposit. Bell asserted that there was an agreement to allow Bell to keep his personal possessions in the residence until the end of the month, but that the locks were changed before the month was up and some of Bell's personal possessions were missing. Finally, Bell alleged that his insurance claims for the missing and damaged property were denied because Feldt failed to respond to the insurance company.

Regarding the City, Bell alleged that he was entitled to $2,100 in relocation assistance and that he was " 'coerced' [in]to sign[ing] a document" and accepting only $2,000. Clerk's Papers (CP) at 18. Bell also claimed that the City "discriminated against [Bell] in administrating a note or instrument that binds all parties." *Id.* at 22.[1]

---

[1] Bell also listed Laprita Hamilton, whose vehicle was towed from Bell's residence, as a plaintiff in this suit, but Hamilton did not sign the complaint. Further, Bell, as a nonlawyer, cannot represent another party. RCW 2.48.170.

B.     Motions for Default

By November 2019, Bell moved for an order of default because neither defendant had filed an answer and only the City had appeared in the case. The court declined to consider default because Bell failed to note the motion for the docket and he failed to provide the City with notice. The City filed its answer approximately a month later. The following day, Bell filed a document titled "Summary Judgement" in which it appears he asked again for an order of default. *Id.* at 119 (capitalization omitted). The record does not reflect that Bell noted that motion for the docket or otherwise took any steps to ensure it would be heard.

A few months later, Feldt had still not appeared or answered the complaint, and Bell filed another motion for default. The day before the hearing on this motion, Feldt submitted a notice of appearance and answer. The court denied Bell's motion for default. Later in the proceedings, Bell filed yet another motion for default that the court again denied because by then, both defendants had answered the complaint.

C.     The City's Motions

The City requested a continuance because the City's attorney needed to prioritize tasks that arose due to the COVID-19 pandemic concerning "critical city services." *Id.* at 233. The court granted the City's motion.

The City later moved for summary judgment, arguing that Bell never filed the necessary paperwork to bring tort claims against the City and there was no evidence to support Bell's discrimination claims. The City also argued that $2,000 was the appropriate amount and provided evidence that Feldt charged $700 per month in rent, but the Tacoma Housing Authority paid $568 of that amount, and Bell's rent was $132 per month. It is not clear from the record whether Bell

4

responded to the City's motion. After a summary judgment hearing, the court granted the City's motion for summary judgment and dismissed all claims against the City.

D.     BENCH TRIAL

The case proceeded to a bench trial on the remaining claims against Feldt. At trial, the court first addressed Bell's negligence claim, which the court believed was based on the defective water heater. The court explained that Bell needed to provide some evidence of damage caused by defective the water heater, but Bell failed to provide the court with any evidence. Instead, Bell asked the court to consider documents that he had already filed. The court asked Bell where it could find the necessary evidence in Bell's filings, but the documents Bell identified for the court did not contain the necessary evidence.

At the bench trial, Bell continually interrupted the court and "became increasingly agitated as the proceedings went forward." *Id.* at 678. Bell walked out of the courtroom and "abandoned the trial." *Id.* at 679. The court concluded that because Bell failed to present any evidence of damages, his negligence claim against Feldt failed. The court dismissed the remainder of the Bell's claims. Bell then sought reconsideration, which the trial court denied.

Bell appeals.

ANALYSIS

I. DEFAULT JUDGMENT

Bell argues that the trial court erred in declining to enter default judgment because neither defendant responded to his complaint within 20 days. We disagree.

We review the trial court's decision on a motion for default for abuse of discretion. *Morin v. Burris*, 160 Wn.2d 745, 753, 161 P.3d 956 (2007). A trial court abuses its discretion when its

decision is manifestly unreasonable or it is based on untenable grounds or untenable reasons. *State v. Dye*, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013). A decision is based on an untenable reason if the trial court applied an incorrect legal standard. *Id.*

Bell fails to provide any legal authority supporting his argument that the trial court *must* enter default judgment when a defendant did not respond within 20 days of being served. This reasoning conflicts with the plain language of CR 55, which allows parties to appear and defend after the deadline for filing an answer and gives a trial court discretion to allow a party to appear and respond to a motion for default even if the party has not yet appeared. CR 55(a)(2).

It appears that Bell failed to properly note for hearing two motions for default. And when he later properly noted motions for default, the court denied them because the parties had appeared and answered. *See* CR 55. Bell provides no argument establishing that the trial court abused its discretion.

Accordingly, Bell fails to show that the trial court erred when it declined to enter default against either the City or Feldt. To the extent that Bell is raising any other arguments regarding default judgment, we decline to consider them because Bell fails to provide us with the necessary reasoned argument, legal authority, or necessary citations to the record to support any such argument. RAP 10.3(a)(6); *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) (noting "[p]assing treatment of an issue or lack of reasoned argument" does not merit our consideration). Nor has he articulated any argument that warrants reversal of the trial court's orders denying his default motions.

## II. AWARD OF SUMMARY JUDGMENT TO THE CITY

Bell argues that the court erred by granting summary judgment in favor of the City. Bell maintains that had the trial court combed through all of Bell's filings, the court would have found sufficient evidence to defeat the City's motion for summary judgment. The City argues that there was no genuine issue of material fact and that judgment in favor of the City was appropriate, noting Bell failed to file the necessary form to bring any tort claims as required by RCW 4.96.020 and Bell has provided no evidence that the City discriminated against him. We agree with the City.

We review orders granting summary judgment de novo. *Vargas v. Inland Wash., LLC*, 194 Wn.2d 720, 728, 452 P.3d 1205 (2019). If the defendant files a motion for summary judgment that demonstrates there is insufficient evidence to support the plaintiff's case, the burden then shifts to the plaintiff to identify specific facts that demonstrate there is a genuine issue of material fact for trial. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989). When the pleadings, affidavits, depositions, and admissions in the record demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, then summary judgment is appropriate. CR 56(c).

Bell provides no legal authority to support his contention that the trial court is required to comb through all of the plaintiff's filings from the inception of a case in order to find a reason to deny the defendant's motion for summary judgment. Bell appears to believe that exceptions should be made in his favor because he is representing himself. However, Washington law is clear that courts are to hold litigants who represent themselves to the same standards that apply for attorneys. *In re Estate of Little*, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019); *Edwards v. Le Duc*, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010).

Also, Bell fails to show that summary judgment was improperly granted. Regarding the tort claims, the record does not reflect, nor does Bell even allege, that he filed the necessary tort claim form under RCW 4.96.020 to bring a tort claim against the City. Regarding the discrimination claims, Bell failed to provide any evidence that the City at any time treated him differently than any other tenant. It is unclear whether Bell is also alleging that the City breached a contract, but to the extent that is also one of Bell's claims against the City, Bell fails to identify a contract between Bell and the City.

Also, to the extent that Bell is raising any other arguments related to dismissal of his claims against the City, we decline to consider them because Bell fails to provide us with the necessary reasoned argument, legal authority, or necessary citations to the record to support any additional argument. RAP 10.3(a)(6); *Holland*, 90 Wn. App. at 538.

### III. DELAY

Bell argues that the trial court unreasonably delayed his trial in light of COVID-19 because the trial court could have taken steps to prevent any unnecessary risk to litigants. We disagree.

Bell fails to provide any citation to the record that supports his claim that the trial court delayed Bell's trial because it was concerned about risks to the litigants from COVID-19. Rather, the record reflects that the case schedule in Bell's case was only amended once in response to the City's motion for a continuance because the City's attorney was busy addressing "critical city services." CP at 233. Continuances are reviewed for an abuse of discretion. *Doyle v. Lee*, 166 Wn. App. 397, 404, 272 P.3d 256 (2012). And Bell has not argued or shown that the trial court abused its discretion in granting the City's request for a continuance on this basis.

8

### IV. DISMISSAL OF CLAIMS AGAINST FELDT

Bell finally challenges the dismissal of his claims against Feldt. He contends that he provided sufficient proof for the trial court to have awarded damages. But Bell failed to present evidence of damages at the bench trial. Bell seems to argue that evidence of his damages existed in the record, but he fails to provide citations or a discussion about where that evidence is located. He also fails to provide any legal authority to support the contention that a trial court must comb through the record to find and evaluate evidence to support the plaintiff's claims. To the extent that Bell raises any other arguments regarding the trial court's dismissal of his claims against Feldt, we decline to consider them because Bell fails to provide us with the necessary reasoned argument, legal authority, or necessary citations to the record to support any such argument. RAP 10.3(a)(6); *Holland*, 90 Wn. App. at 538.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, A.C.J.

We concur:

WORSWICK, J.

MAXA, J.

9