# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

KURT BENSHOOF,

      Appellant,

      v.

NATHAN CLIBER, JESSICA OWEN, MAGALIE LERMAN, OWEN HERMSEN,

      Respondents.

No. 85092-0-I

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — Kurt Benshoof appeals the trial court's orders dismissing his claims under the Uniform Public Expression Protection Act (UPEPA or the Act), chapter 4.105 RCW, and CR 12(b)(6), finding that he was a vexatious litigant, and restraining future court filings accordingly. We affirm the trial court's orders and grant the respondents' request for attorney fees on appeal.

I

Benshoof and his former intimate partner Jessica Owen share a child in common. On September 23, 2021, Owen, represented by attorney Nathan Cliber, initiated a parentage action against Benshoof. On October 21, 2022, King County Superior Court Judge David Keenan entered final orders and awarded Owen sole residential care and decision-making authority for their child.

Between March and October 2022, Benshoof filed at least seven lawsuits against Owen, and dozens of others, in state and federal courts:

On March 1, 2022, Benshoof filed a complaint against Owen, arguing she "converted his Toyota FJ Cruiser," which was titled in Owen's name.[1]

On March 16, 2022, Benshoof filed a complaint against Owen alleging claims of constructive fraud and intentional infliction of emotional distress relating to a previously shared residence that was titled in Owen's name.[2]

On July 18, 2022, Benshoof filed an 85 page petition for writ of habeas corpus and named as respondents Cliber, Judge Keenan, King County Superior Court Commissioner Jason Holloway, Owen, and Magalie Lerman, Owen's current partner.[3]

On August 2, 2022, Benshoof attempted to obtain an antiharassment protection order against Cliber based on Cliber's representation of Owen in the parentage action.[4]

On September 9, 2022, Benshoof filed a 295 page complaint in the United States District Court for the Western District of Washington. Benshoof filed a litany of allegations against dozens of individuals, including the respondents in this action, multiple current and former King County Superior Court judges, former

---

[1] After Owen voluntarily transferred title to Benshoof, the complaint was dismissed.

[2] This complaint led to dismissal of Benshoof's claims, and entry of judgment in favor of Owen on her counterclaims, as described in our opinion of even date in matter number 85465-8-I. As described in that opinion, on September 28, 2022, Benshoof filed a new complaint asserting the same claims he had asserted in his March 16, 2022 complaint, and this record reflects the consolidation of the latter filing with the earlier one. CP 480-82.

[3] The writ was denied three days after the petition was filed and the case was dismissed.

[4] The trial court denied Benshoof's request.

federal official Anthony Fauci MD, Washington Governor Jay Inslee, and a grocery store in North Seattle, among others.[5]

On September 29, 2022, Benshoof filed an action in King County Superior Court "which was nothing short of a re-filing on the exact same claims" previously dismissed by the United States District Court.

On October 3, 2022, Benshoof filed a complaint against Cliber, Owen, and Lerman for "money damages resulting from Defamation or Abuse of Process."[6]

The last listed filing underlies this appeal. Benshoof amended his complaint on October 11, 2022, adding Owen's friend Owen Hermsen as a defendant. Benshoof alleged abuse of process against Owen and Cliber arising from their participation in the parentage action, defamation against Owen and Lerman based on their statements to law enforcement, and "coercion" against Owen and Hermsen related to their alleged refusal to return the Toyota FJ Cruiser to Benshoof.

In response to the October lawsuit, Owen on November 22, 2022, sent Benshoof written notice of her intent to file a special motion under UPEPA. On December 2, 2022, Cliber sent his written notice of intent to file a special motion under UPEPA. Benshoof filed a response and motion for limited discovery, seeking to depose Owen and Cliber as to their communications relating to the

---

[5] The district court dismissed Benshoof's complaint sua sponte.

[6] These seven lawsuits are the ones evidenced in the record on this appeal. The respondents assert that Benshoof filed more lawsuits against Owen after the time period covered by our record.

3

various claims. Benshoof did not note the motion for consideration in accordance with King County Superior Court Local Civil Rule (KCLCR) 7(b)(5).

On December 12, 2022, Cliber filed a special motion for expedited relief, arguing "Benshoof's complaint lacks merit in its entirety and should be dismissed pursuant to the protections provided by [UPEPA]." On the same day, Owen filed a special motion for expedited relief under UPEPA and requested "entry of a vexatious litigant order against [Benshoof] restricting him from continuing to file duplicative and nonsensical claims against her, her friends, and her attorneys." On January 10, 2023, Lerman and Hermsen filed a "joinder" in Owen's special motion for expedited relief. Benshoof filed a "response" to the "joinder" and requested discovery to "ensure a full rebuttal of opposing counsels' claims of litigation privilege."

On January 13, 2023, Benshoof filed a motion for leave to amend his first amended complaint. Benshoof did not note his motion to amend in accordance with KCLCR 7(b)(5). On January 18, 2023, Benshoof filed a motion to compel discovery from all defendants, a motion to stay Owen's and Cliber's special motions, and a motion to continue, all of which were not noted in accordance with KCLCR 7(b)(5).

Owen's and Cliber's motions under UPEPA were heard on January 27, 2023. By order dated February 2, 2023, the trial court granted Lerman and Hermsen's joinder and granted Owen and Cliber's special motion for expedited relief. The trial court dismissed Benshoof's abuse of process and defamation claims under UPEPA, and dismissed the coercion claim under CR 12(b)(6), having

4

ruled orally that "coercion is not a cognizable civil claim in Washington." The trial court ordered Benshoof to pay the mandatory award of all defendants' court costs and attorney fees, and ordered Benshoof to pay Owen, Lerman, and Hermsen $10,000.00 each in statutory damages. The trial court denied Owen's request for a vexatious litigant order against Benshoof because "Benshoof would need to have an opportunity to more fully respond to that request."

On February 17, 2023, the defendants filed a joint motion for a vexatious litigant order against Benshoof. The trial court granted the defendants' joint motion, ruled that Benshoof was a vexatious litigant, and ordered a temporary restriction on Benshoof's litigation. On March 31, 2023, the temporary restriction was superseded by a subsequent order restricting abusive litigation. The trial court ordered that Benshoof was enjoined and restrained from

> initiating any litigation whatsoever in any Superior Court in the state of Washington against Defendants, their attorneys, their friends and family, or any other person related or connected to Defendants (collectively, "Persons Covered by This Order") unless [Benshoof] first obtains advanced approval from this Court
>
> 2. To obtain advance approval from this Court, [Benshoof] shall submit an application to the undersigned Judge/Department 31 in the form of a one-page document. . . . The Court may, at its discretion, request a response from Persons Covered by This Order before ruling on [Benshoof's] application.
>
> . . . .
>
> 4. If [Benshoof] seeks to commence a new action against Persons Covered by This Order in a court *other than* a Superior Court, [Benshoof] must first bring a motion in the other court for leave to proceed with the action. The motion must be filed contemporaneous to the filing of the complaint or petition. The motion for leave must demonstrate that good cause exists to permit the action to proceed given the claims raised in the new complaint

5

and [Benshoof's] past litigation abuses. If the reviewing court finds good cause has not been show[n] for the action to proceed, it may dismiss the action with prejudice. If the reviewing court determines that sanctions are warranted, it may impose sanctions at the same time the action is dismissed. [Benshoof] shall have an opportunity to explain in writing why sanctions should not be imposed in a post-dismissal motion for reconsideration within ten (10) days of the dismissal.

5. [Benshoof] shall submit a copy of this Order with any future lawsuit he files or attempts to file in <u>any</u> court, including (but not limited to) any federal court.

6. If [Benshoof] fails to abide by the terms of this Order, any party may move, or the Court *sua sponte* may move, for a finding of contempt and sanctions. A contempt finding could result in the imposition of jail time as a sanction.

The trial court ordered the restraint in effect for the next five years. Benshoof appeals.

II

Benshoof argues the trial court erred in finding his claims violated UPEPA, asserting one of his claims falls within a UPEPA exception. We disagree.

The legislature passed UPEPA to safeguard traditional First Amendment rights guaranteed to the public and the press. <u>See</u> RCW 4.105.901. The Act creates a special procedure to resolve cases that target "[c]ommunication in a legislative, executive, judicial, administrative, or other governmental proceeding." RCW 4.105.010(2)(a). It does this by allowing parties to bring a special motion for expedited relief "to dismiss the cause of action or part of the cause of action." RCW 4.105.020(2). There are exceptions to UPEPA, one of which is that the Act does not apply to a cause of action "against a person named in a civil suit brought by a victim of a crime against a perpetrator." RCW 4.105.010(3)(a)(iv).

6

Benshoof alleged three claims in his October 11, 2022 complaint: abuse of process, defamation, and coercion. Benshoof alleged Owen and Cliber were liable for abuse of process because they "illegally or improperly perverted the King County Family Court system against" Benshoof. Benshoof alleged Owen and Lerman made defamatory statements to either Seattle police officers or to Owen and Benshoof's child. Benshoof's coercion claim stemmed from Hermsen's demand that Benshoof pay Owen for the return of what Benshoof asserted was his FJ Cruiser. The respondents' filed their special motions for expedited relief to defend against Benshoof's abuse of process and defamation claims because the claims stemmed from either their participation in the parentage action or statements made to law enforcement. In contrast, Owen requested the trial court dismiss the coercion claim under CR 12(b)(6), arguing it was not a cognizable cause of action in Washington. In its oral ruling, the trial court agreed that UPEPA did not apply to the coercion claim, and instead dismissed the claim under CR 12(b)(6).

On appeal, Benshoof argues his coercion claim falls within the UPEPA crime victim exception. Because the trial court did not dismiss the coercion claim under UPEPA, it is irrelevant whether the claim meets an exception to the Act. Benshoof does not otherwise assign error to the dismissal of his coercion claim, and therefore establishes no entitlement to appellate relief.

III

Benshoof argues the trial court erred in dismissing his claims under UPEPA without allowing discovery and a stay of hearing the special motions for expedited relief pending such discovery. We disagree.

On the giving of notice of intent to file a special motion for expedited relief, or the filing of the motion, "[a]ll other proceedings between the moving party and responding party, including discovery and a pending hearing or motion, are stayed." RCW 4.105.030(1)(a). The stay remains in effect until entry of an order ruling on the motion. RCW 4.105.030(2). A trial court "may allow limited discovery if a party shows that specific information is necessary to establish whether a party has satisfied or failed to satisfy a burden under RCW 4.105.060(1) and the information is not reasonably available unless discovery is allowed." RCW 4.105.030(4). Use of the term "may" in RCW 4.105.060(1) means that the trial court has discretion whether to allow limited discovery under the statute. See In re Pers. Restraint of Dove, 196 Wn. App. 148, 155, 381 P.3d 1280 (2016) (use of term "may" in statute providing that the court may require a defendant to pay costs means that the trial court has discretion whether to impose costs). A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds or for untenable reasons. Lindgren v. Lindgren, 58 Wn. App. 588, 595, 794 P.2d 526 (1990).

Benshoof filed a motion to compel discovery, a motion to stay Owen's and Cliber's special motions, and a motion to continue. However, Benshoof did not note any of these motions for consideration in accordance with KCLCR 7(b)(5), so

the trial court did not rule on them. Because Benshoof failed to note his motions, the trial court had no opportunity to exercise its discretion and made no rulings. Doyle v. Lee, 166 Wn. App. 397, 404, 272 P.3d 256 (2012). Therefore, these issues are not before us.

IV

Benshoof argues the trial court erred in allowing Lerman and Hermsen to join Owen's motion for expedited relief. However, Benshoof argues that joinder was improper for the first time on appeal. RAP 2.5(a) generally does not allow parties to raise issues for the first time on appeal. We decline to address this issue.

V

Benshoof challenges the trial court's order finding him to be a vexatious litigant.

The First Amendment to the United States Constitution provides that Congress shall make no law abridging the right of the people to "petition the Government for a redress of grievances." Under the Fourteenth Amendment, the First Amendment applies to the States. Cantwell v. State of Connecticut, 310 U.S. 296, 303, 60 S. Ct. 900, 84 L. Ed. 1213 (1940). The Petition Clause "protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379, 387, 131 S. Ct. 2488, 180 L. Ed. 2d 408 (2011). But when a petition "takes the form of a lawsuit," it may be "particularly disruptive," because "[m]ounting a defense to even frivolous claims" may consume a defendant's time and resources. Id. at 390. A lawsuit may be used "as a powerful instrument of

9

coercion or retaliation." Bill Johnson's Rests., Inc. v. Nat'l Lab. Rels. Bd., 461 U.S. 731, 740, 103 S. Ct. 2161, 76 L. Ed. 2d 277 (1983). Lawsuits "based on insubstantial claims" that lack a " 'reasonable basis' " are "not within the scope of First Amendment protection." Id. at 743. Thus, a lawsuit amounting to a " 'mere sham' " receives no constitutional protection. Id. at 744 (quoting Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U. S. 511, 92 S. Ct. 609, 30 L. Ed. 2d 641 (1972)).

Consistent with these principles, we have held that every court of justice in Washington has inherent power to control the conduct of litigants who impede the orderly conduct of proceedings. Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008). "[T]rial courts have the authority to enjoin a party from engaging in litigation upon a 'specific and detailed showing of a pattern of abusive and frivolous litigation.' " Id. (quoting Whatcom County v. Kane, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981)). "We review a trial court's order limiting a party's access to the court for an abuse of discretion." Bay v. Jensen, 147 Wn. App. 641, 657, 196 P.3d 753 (2008).

Because Benshoof does not assign error to the trial court's findings of fact, we accept them as true. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992). The trial court found that after his first complaint against Owen was dismissed with prejudice, Benshoof filed two additional complaints against Owen in the United States District Court and the King County Superior Court, the second of which "was nothing short of a re-filing on the exact same claims previously dismissed." Benshoof then filed the lawsuit underlying this

appeal, and when Owen "sought to consolidate this matter with the other matter assigned to [the trial court], [Benshoof] filed an affidavit of prejudice. This was a concerted effort to circumvent the prior orders of the [s]uperior [c]ourt." The trial court found that

> [t]his case marked the fifth civil complaint filed by [Benshoof] against [Owen] in a nine-month period. In this action, [Benshoof] cited to the above-mentioned, previously adjudicated matters, King County Superior Court Cause Nos. 21-5-00680-6-SEA and 21-2-11149-8-SEA, alleging, among other things, "Defendants Cliber and Owen illegally and improperly perverted the King County Family Court system against [Benshoof]."
>
> [] When [Owen] and [Cliber] availed themselves of the protections found in Ch. 4.105 RCW, [Benshoof] responded by threatening to file yet more litigation against the same parties arising out of the same "facts".

The trial court concluded Benshoof "engaged in an extensive pattern of abusive litigation and weaponization of the court system against these defendants, their friends and family, and their attorneys. This pattern of abusive litigation has taken a significant emotional and financial burden on the defendants." We accept these findings as true and in any event they are amply supported by the record. They in turn support the conclusion that Benshoof's resort to the courts should be restrained. The trial court did not abuse its discretion in filing a vexatious litigant order against Benshoof.

VI

Benshoof argues the trial court's vexatious litigant order is overbroad and "so vague as to be incapable of compliance." We disagree.

11

Due process under both the state and federal constitutions requires that citizens have fair warning of proscribed conduct. State v. Bahl, 164 Wn.2d 739, 752, 193 P.3d 678 (2008). In Washington, the test for vagueness is the "common intelligence" test. State v. Reader's Dig. Ass'n, 81 Wn.2d 259, 273, 501 P.2d 290 (1972). "An ordinance or statute is 'void for vagueness if it is framed in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application.' " City of Seattle v. Eze, 111 Wn.2d 22, 26, 759 P.2d 366 (1988) (quoting O'Day v. King County, 109 Wn.2d 796, 810, 749 P.2d 142 (1988)). "The purpose of the vagueness doctrine is to ensure that citizens receive fair notice as to what conduct is proscribed, and to prevent the law from being arbitrarily enforced." Haley v. Med. Disciplinary Bd., 117 Wn.2d 720, 739-40, 818 P.2d 1062 (1991).

The trial court ordered that Benshoof was enjoined from "initiating any litigation whatsoever in any Superior Court in the state of Washington against Defendants, their attorneys, their friends and family, or any other person related or connected to Defendants (collectively, 'Persons Covered by This Order') unless [Benshoof] first obtains advanced approval from this Court." Persons of common intelligence can understand the trial court's order to mean that Benshoof may not file suit without permission against defendants known to be—or based on their being—related or connected to the respondents. This limitation is clearly necessary in light of Benshoof's past abusive litigation tactics targeting the respondents' friends and family. The transparent and improper purpose of Benshoof's tactic is to attempt to control and isolate the respondents by using

litigation to deter others from being associated with or supporting them. Benshoof's argument that he is at risk of violating the order by inadvertently suing a person he cannot know to be related or connected to the respondents is a remote and fanciful risk, particularly given Benshoof's documented history of seeking out persons related or connected to the respondents to target in his baseless filings. And the order is narrowly tailored because it does not prohibit Benshoof from suing, but merely requires that he obtain advance permission to ensure that any new lawsuit is a legitimate one rather than merely another episode in his saga of revenge and abuse. The trial court's order is not overbroad or vague.

VII

Benshoof argues the trial court erred in entering judgments for attorney fees against Benshoof because "the Court should not have ruled on the UPEPA claims without first allowing discovery and a full hearing." We disagree.

On a special motion for expedited relief, the trial court "shall award court costs, reasonable attorneys' fees, and reasonable litigation expenses related to the motion: (1) To the moving party if the moving party prevails on the motion." RCW 4.105.090. Because the trial court properly granted the respondents' special motion for expedited relief, the award of attorney fees was statutorily mandated. There was no error.

VIII

Cliber, Owen, Lerman, and Hermsen seek attorney fees and costs on appeal. Under RAP 18.1, a party may seek reasonable attorney fees on appeal. We may award attorney fees on appeal if a contract, statute, or recognized ground

13

in equity permits recovery of attorney fees at trial and the party substantially prevails. Judges of the Benton & Franklin Counties Super. Ct. v. Killian, 195 Wn.2d 350, 363, 459 P.3d 1082 (2020). Because UPEPA authorizes an award of attorney fees and costs, RCW 4.105.090, and the respondents prevail on appeal, we grant their requests for attorney fees and costs subject to their further compliance with RAP 18.1(d).

Affirmed.

Birk, J.

WE CONCUR:

Mann, J.

Dwyer, J.